Statement of the Case.
NIOHOLLS, J.
This case has been submitted to the court on the record, neither party appearing or filing briefs.
Plaintiff appeals from a judgment, dissolving an injunction he had caused to issue, enjoining the sale of two horses which had been seized under a fi. fa. in execution of a judgment against him.
In his petition, after alleging that he was the head of a family, having a wife dependent upon him for support, that his wife owned in her own right less than $2,000, and after reciting the seizure of two horses, he averred that he was entitled, under the *715 Constitution and law^ of the state, to certain homestead exemptions, and “that the property so seized was exempt from seizure and sale under the homestead laws of the state.”
Defendant, in his answer, admits that he had made a seizure of the horses, as alleged, but denied that plaintiff was entitled to the exemption claimed, for the reasons:
First. That he was trying to dispose of his property for the purpose of defeating his creditors, instead of keeping it for the purposes to which exempted property should be applied.
Second. Because plaintiff, at the date of the seizure, owned three or more horses, and since the filing of the existing suit he had sold all but those then claimed to be exempt for the sole purpose of claiming these particular horses from seizure and sale as being exempt under the homestead exemption.
He denied that any of the horses seized were work horses, and denied generally all of plaintiff’s allegations.
Very little testimony was taken on the trial. Defendant offered none whatever. Plaintiff testified that he lived on his father’s place; he was a married man; his wife was living with him, he owned one horse; it was the horse which had been seized; it was then, and had been for about two months, in charge of Mr. McOonnel, who was bookkeeper for Mr. Noble; he had no other horses, nor any mules. His wife owned separate property worth about $200.
Plaintiff offered in evidence his petition and the affidavit. The district court rendered judgment rejecting plaintiff’s demand. After the trial, but before judgment, plaintiff filed an application to the court to reopen the case for the purpose of permitting him “to prove specifically and categorically that the animal in dispute was a work horse, and that he had no other property.”
In this application he stated that while he had put in evidence, the petition filed in the case which alleged that the property in dispute was exempt from seizure under the homestead and exemption laws of Louisiana, which necessarily implied that the horse in dispute was a work horse, which allegations-were by him sworn to in the affidavit introduced in evidence, he” had, through a mere-oversight in giving his testimony, neglected to state that the original horse in dispute-was a work horse. He then averred that the horse seized was the only animal of any kind or property that he owned; that it was necessary that he have same in order to-make a living for himself and family; that the ends of substantial justice required that the case be reopened, as it was not the policy of the law to take advantage of technicalities to deprive debtors of the homestead rights and exemptions, but rather where-there was a doubt to resolve it in favor of the debtor.
The court refused to reopen the case, and-rendered judgment as stated.
Opinion.
The laws of the state in respect to homestead rights and to things exempt from-seizure are exceptional in character. Parties-who claim under them must, in their pleadings and in their proof, bring themselves within these provisions expressly and not by implication. The plaintiff did not do so in either. Plaintiff failed on the trial to establish that the horses seized were work horses, though that fact was directly put at issue.
The allegation of his petition to which he refers in his application to reopen the case, in reference to the horse which was seized, was a conclusion of law, and his testimony on the trial did not better the situation. We find no ground for reversing the judgment. It is hereby affirmed.