(80 South. 889)

No. 21841.

SHILLING v. BROOKS.

(Feb. 3, 1919.)

*(Syllabus by Editorial Staff.)*

EXEMPTIONS ⬦148—BURDEN OF PROOF—CONDITIONS OF EXEMPTION.

One claiming that two of five mules covered by a chattel mortgage were exempt from seizure under Const. art. 244, in derogation of common right, has the burden of proving the conditions on which alone the exemption is allowed, such as that he is the head of a family, or is supporting dependents, or that his wife has not property or means to amount of $2,000.

Appeal from Seventh Judicial District Court, Parish of West Carroll; John R. McIntosch, Judge.

Suit by R. W. Shilling against Lee R. Brooks. From a judgment rejecting his demand to have declared exempt from seizure certain mules on which plaintiff holds a chattel mortgage, defendant appeals. Affirmed.

T. H. McGregor, of Shreveport, for appellant.

M. H. O'Connell, of Oak Grove, for appellee.

O'NIELL, J. The defendant appeals from a judgment rejecting his demand to have declared exempt from seizure, under article 244 of the Constitution, two of five mules on which the plaintiff holds a chattel mortgage.

Appellant did not allege or offer to prove that he had any one dependent upon him for support, or that his wife did not have property or means to the amount of $2,000. The exemption is granted only to a head of a family, or person having another dependent upon him or her for support; and it is not granted to any one whose wife has and enjoys property or means to the amount of $2,000. The only proof offered by defendant in support of his claim was his own testimony, and that of his son, that he, defendant, was "a man of family."

One who claims an exemption from seizure of his property for debt, which is in derogation of common right, bears the burden of proof of the conditions on which alone the exemption is allowed. McLeod v. Noble, 122 La. 714, 48 South. 161; Crichton Co. v. Merritt, 134 La. 4, 63 South. 604.

The judgment is affirmed.