## WILLIAM PRATHER *v.* A. J. BOBO, Sheriff.

Where it is shown that a party depends entirely upon his trade as a printer and editor for means of support, his printing press and materials necessary for the exercise of his trade are exempt from seizure under Art. 644 C. P.

The tools and instruments, exempted from seizure by law, must be *necessary* and *not merely convenient* for the exercise of the trade by which the debtor gains a living.

APPEAL from the District Court of the Parish of Morehouse, *Richardson, J. D. C. Morgan*, and *John T. Ludeling*, for plaintiff and appellant. *Morrison & Purvis*, for defendant.

VOORHIES, J. The plaintiff has enjoined the execution of a judgment rendered against him in favor of the appellees, *Byrne, Vance & Co.* He contends that, under Art. 644 of the Code of Practice, the Sheriff proceeded illegally to seize his printing press and materials.

The evidence shows that *Prather* is a printer by trade; that he is the owner and editor of a paper called the Morehouse Advocate; that he himself, with the assistance of two workmen, does the printing in the establishment; and that his circumstances are such, that it is with the means derived from this source that he gains a living. The press and materials are stated to be worth about the sum of eight hundred dollars.

The law exempts from seizure " the tools and instruments necessary for the exercise of the trade by which he (the debtor) gains a living." C. P. 644. In construing this text, the courts have held that the books of professional men were exempt from seizure; and so, of the commercial books and counting-house furniture of a merchant, and of iron chests found in the counting-house, in which are kept the books and papers. *Lambeth* v. *Milton*, 2 R. 81; *Farmer's Bank* v. *Franklin*, 1 An. 393; *Harrison & Co.* v. *W. W. Mitchell et als.*, 13 An. 260.

In the case of *Hanna* v. *Bry*, it was held that a doctor's horse could not be fairly comprehended under the denomination of tools and instruments necessary for the exercise of his profession. " His surgical instruments, said the court, those for the preparation of medicines usually employed by country practitioners, and possibly, under the dictum in *Milton's* case, 2 R. 81, his medical library, are protected by the Code. But we cannot go further, and treat as *tools* and *instruments* of his profession all other things that contribute to its convenient exercise." 5 An. 655.

In the case at bar, the exemption from seizure finds its application; for the materials levied upon are, not merely convenient, but necessary to carry on the debtor's trade,—they are his indispensable tools and instruments. And as this is the only means by which he gains a living, and is enabled to sustain himself and family, and as these materials are the implements of the trade, which he carries on with his manual labor, they become, under the Article of the Code, exempt from seizure.

It is, therefore, ordered and decreed, that the judgment of the District Court be avoided and reversed; and that there be judgment in favor of the plaintiff and appellant, perpetuating the injunction sued out in this case, the defendants and appellees paying the costs of both courts.