No. 4878.

BOSTON BELTING COMPANY vs. E. M. IVENS & Co.

The record shows that the rule taken by defendants on plaintiffs to release certain
articles seized and appealed from by said plaintiffs was served on the counsel of
record, they being residents of Boston. This service is sufficient.

After a careful examination of article 644, C. P., and article 1992, R. C. C., it is impos-
sible to conclude that exemption from seizure of certain objects or tools for the
exercise of a trade or profession can be made to apply to the multifarious ma-
chinery and implements constituting an extensive factory and requiring the
attendance and skill of a large number of operatives, such as the establishment
of the defendants seems to be from the number and character of the articles in
the list on record. To apply this provision of the law to this case would neu-
tralize or paralyze article 3183, R. C. C., which declares that "the property of the
debtor is the common pledge of his creditors," and would make his property
subject to the payment of his debts exceptional. Exemption laws should not be
extended beyond their clear intendment; such laws, being exceptional, should
be strictly construed.

APPEAL from the Sixth District Court, parish of Orleans. *Saucier*, J.
*Samuel P. Blanc* and *H. E. Upton*, for plaintiffs and appellants. *Lacey
& Butler*, for defendants and appellees.

HOWELL, J. The plaintiffs, having caused execution to issue, seized and
advertised for sale all the movable property in the premises of defend-
ants, known as Ivens' Iron Works, when the defendants took a rule to
release certain articles, as the tools and instruments necessary for the
exercise of their trade as foundrymen and machinists, and exempt from
seizure under a *fieri facias*. The rule was made absolute, and plaintiffs
appealed.

Their counsel contends that notice of the rule was not given, and the
judgment is therefore null. The record shows that the rule was served
on the counsel of record, and it seems that plaintiffs are non-residents.
We think this service sufficient.

The following are the articles which are claimed to be exempt as tools
and instruments of trade, to wit: Three cupola ladles, small and large;
three anvils; one lot of blacksmith's tools; two bellows; three patent pat-
terns; one iron straightener; one pair of scales; one lot of flasks; two
gas-pipe cutters; two screw-cutters; four lathes; three drill-presses; one
large grindstone; one milling machine; one shaping machine; one slatting
machine; three planing machines; five lathes; one horizontal boring ma-
chine; one vertical boring machine; one lot of patterns; one tenon-saw;
one wood-plane; one cut-off saw; one tenon machine; one little rip-saw;
one lot of large patterns; one wood-turning lathe; one lot of patterns;
one gig-saw; one blower; one cupola; one small kettle; one chore trunk;
one lot of flasks; ten iron flasks; four trunks; two engines for driving the
works.

E. M. Ivens, as a witness, says he, defendant, " can't dispense with one"

of said articles in the exercise of their trade and profession as foundry-men and machinists; they are the necessary implements and tools of the trade by which they gain their living. Two other witnesses swear that they are familiar with the subject, and that they recognize the articles above mentioned as necessary to the carrying on of the business of foundrymen and machinists.

Counsel for defendants rely, in support of their motion, on article 644 of the Code of Practice and several decisions. The article reads: "The sheriff can not seize the linen and clothes belonging to the debtor or his wife, nor his bed, nor those of his family, nor his arms and military accoutrements, nor the tools and instruments necessary for the exercise of the trade or profession by which he gains a living; nor shall he, in any case, seize the rights of personal servitude of use and habitation, of usufruct to the estate of a minor child, or the income of dotal property."

Of the five cases cited, two (2 R. 81, and 13 An. 260), contain only *obiter dicta* on this point. Of the others, in that of Farmers and Merchants' Bank of Memphis vs. Franklin et al., 1 An. 393, the commercial books, the counting-house furniture, and two iron chests in which the books and papers were kept, were all held to be exempt from seizure under a *fieri facias*. In Duperron vs. Communy, 6 An. 789, the surgical instruments of a dentist were held exempt. In Prather vs. Bobo, 15 An. 524, a printing-press and materials were exempted on the ground that they were the implements of the trade the plaintiff therein carried on "with his *manual* labor, and necessary to sustain himself and family."

In the first and third of these cases a very liberal application of the law is made; yet the underlying principle or object, we think, is the securing to the debtor the means of *laboring* at his trade and profession, the tools and instruments required by him in his own *manual labor*. This, we think, pervades nearly every decision, and conforms to the definition in Bouvier's Dictionary, *verbo*, tools, to wit: "Those implements which are commonly used by the hand of one man in some manual labor necessary for his subsistence." It is added: "The apparatus of a printing-office, such as types, presses, etc., are not therefore included under the term tools." In support of which several authorities are cited.

A careful examination and analysis of article 644, C. P., will present the same feature—the linen and clothes of the debtor or his wife, his bed and those of his family, his arms and military accoutrements, the tools and instruments necessary for the exercise of the trade or profession by which he gains a living, articles which the debtor himself needs and uses, and the clothing and bedding of himself and his family. The idea seems to be that the individual, personal exertion of the debtor shall

be permitted and protected. The last clause of the article embraces rights which, by article 1992, R. C. C., are declared "merely *personal* that can not be made liable to the payment of debts."

We can not think the exemption was intended to apply to the multifarious machinery and implements constituting an extensive factory requiring the attendance and skill of a large number of operatives, such as the establishment of the defendants seems to be from the number and character of the articles in the above list. To apply this provision of the law to this case would, in our opinion, neutralize or paralyze article 3183 of the Revised Civil Code, which declares that "the property of the debtor is the common pledge of his creditors," and would make his property subject to the payment of his debts exceptional.

Under the principle announced in the article last cited, it seems to us exemption laws should not be extended beyond their clear intendment. We have heretofore had occasion to say that such laws being exceptional should be strictly construed, and we think the exemption claimed should not be applied to the articles seized in this case. They are manifestly such as require the services and management of a number of persons besides the debtors to operate. The fact that two engines are required to " drive the works " shows the extended scale of the business in which so large a number of various implements are used, and makes it clear that those " tools and instruments" of the trade or profession " of foundrymen and machinists contribute to the support of several, if not many, persons besides the debtors; and we are not able to separate them and select such as the debtors themselves require for their manual labor in the exercise of the trade or profession by which they gain a living."

It is therefore ordered that the judgment appealed from be reversed, and the rule of defendants dismissed, with costs in both courts.