and timber into the canal and bayou, and preventing drain."

This was the purpose, as shown by plaintiffs' petition, as we take it, and as admitted by plaintiffs. Upon this they obtained a favorable ruling on one of the issues which came up during the trial. Defendants, not having been as much enjoined as they imagined, are not entitled to damages.

For reasons assigned, it is ordered, adjudged, and decreed that the judgment appealed from be, and the same is hereby, affirmed, at plaintiffs' costs.

---

(35 South. 389.)

No. 15,030.

STATE ex rel. MT. CALVARY M. E. CHURCH v. ST. PAUL, Judge.

(Nov. 16, 1903.)

APPEAL—SOLVENCY OF SURETY—EXEMPTIONS—MARRIED WOMEN.

1. The court a qua has jurisdiction to inquire into the solvency of the surety on an appeal bond, notwithstanding that the appeal has been lodged in this court.

2. The books used and needed by a minister of the gospel for the purposes of his calling are not liable to seizure, and cannot be considered in determining his solvency as a surety.

3. Unauthorized married women are incompetent sureties.

(Syllabus by the Court.)

Application by the state, on the relation of the Mount Calvary Methodist Episcopal Church, for writ of prohibition to John St. Paul, judge Division C, civil district court. Dismissed.

John Wagner and Benjamin Rice Forman, for relator. Respondent judge, pro se. Theodore Cotonio, for Mrs. Elva Pettis.

Statement of the Case.

MONROE, J. Relator alleges that it is a religious corporation; that it owns a church building in this city, which is, and has been, used exclusively as a place of worship, and is therefore exempt from taxation; that Elva Pettis pretends to have bought said property at tax sale in January, 1902, and has caused a writ of possession to issue; that in January, 1903, relator enjoined the execution of said writ on a bond of $500, and that the respondent "erroneously found the surety insufficient," and upon April 3, 1903, ordered said writ to be dissolved, unless relator should furnish a new surety within five days, which time was extended to April 9th; that upon the date last mentioned relator furnished a new bond, and that by judgment signed May 15, 1903, on a rule to dissolve, taken by the defendant in injunction, the respondent erroneously found the surety thereon insufficient, and dissolved said writ; that relator thereupon appealed, and having given bond in the sum of $500, with other sureties, lodged the appeal in this court, June 9, 1903, thereby devesting the district court of jurisdiction quoad the matter involved in said appeal; but that the respondent, on October 26, 1903, exceeding his jurisdiction, dismissed said appeal, on the ground that the sureties were not solvent; and the relator prays for a writ of prohibition, restraining respondent from further proceeding, etc.

The respondent has made due return, and has sent up the record, including the testimony taken upon the rule to dismiss the appeal.

From this it appears that the appeal bond was signed by five persons as sureties, to wit:

Mason Spencer, a preacher, whose only property consists of $250 worth of books, which he needs for the purposes of his calling.

Olive Ross, Alice Ellis, and E. J. Stanton, married women, unauthorized by their husbands, whose property consists of household effects, acquired before and after their marriages.

M. T. Ellis, a widow, with children, who has about $300 worth of household effects, being about the same amount as was owned by the community at the death of her husband (which occurred a number of years ago), though there has been more or less change in the identity of the articles.

Opinion.

The judge a quo had jurisdiction to inquire into the solvency of the sureties on the appeal bond, notwithstanding that the appeal had been lodged in this court. State v. Judge, 19 La. Ann. 178; State ex rel. Maury & Co. v. Judge, 20 La. Ann. 390; Edwards & Husband v. Edwards, 29 La. Ann. 599; Weiser v. Blaese, 34 La. Ann. 833.

The books used and needed by a minister of the gospel for the purposes of his calling

are not liable to seizure, and cannot be considered in determining his solvency as a surety. Code Prac. art. 644. A married woman, unauthorized by her husband or the court, is incapable of binding herself or her property by a contract of suretyship; and household effects, such as those owned by the widow, Ellis, are, for the most part, exempt from seizure. We therefore conclude that the judge a quo did not err in dismissing the appeal. The restraining order herein issued is accordingly revoked, and this proceeding dismissed, at the cost of the relator.