LAND, J.
The questions of law presented for our consideration are stated in the plaintiff’s application for a writ of review as follows:
“First, whether or not a wagon is subject to a lessor’s lien and privilege and right of pledge under article 2705_, C. C., where the lessee claims that he makes his livelihood with the wagon.
“Second, whether or not a subtenant’s property, when seized by the lessor in satisfaction of the lessor’s lien and privilege and pledge, is liable for the payment of,the costs of the provisional seizure.” . •
1. It is admitted that the defendant made a livelihood by using said wagon for the purpose of hauling sand, cement, bricks, etc., for hire.
The judge of the First city court held that the wagon was exempt from provisional seizure, and the judgment was affirmed by the Court of Appeal for the parish of Orleans.
Article 2705 of the Civil Code provides that the lessee shall be entitled to retain out of the property subjected by law to the lessor’s privilege, among other things:
“The tools and instruments necessary for the exercise of the trade or profession by which he gains his living and that of his family.”
Article 64-4 of the Code of Practice exempts from seizure under execution, among other property of the debtor:
“The tools and instruments necessary for the exercise of the trade or profession'by which he gains a living.”
As the said articles relate to exemptions from seizure, the same words or phrases used in both should receive the same construction.
Article 644 of the Code of Practice has been construed to exempt the law books of an attorney (Lambeth v. Milton, 2 Rob. 81); books used and needed by a minister of the gospel (State v. St. Paul, 111 La. 71, 35 South. 389); commercial books and counting-house furniture and iron safes of a merchant (Farmers’ & Merchants’ Bank v. Franklin, 1 La. Ann. 393); printing press and material of a printer and editor (Prather v. Bobo, 15 La. Ann. 524). In Hanna v. Bry, 5 La. Ann. 651, 52 Am. Dec. 606, it was held that a horse used by a physician was not exempt under C. P. 644. It appears from the reasoning in that case that the court considered the use of the horse as a mere convenience. In Prather v. Bobo, 15 La. Ann. 524, the court said:
“In Hanna v. Bry, it was held that a doctor’s horse could not be fairly comprehended under the denomination of tools and instruments necessary for the exercise of his profession.”
In Boston Belting Co. v. Ivens, 28 La. Ann. 695, the court held that C. P. 644 did not apply to the multifarious machinery and implements constituting an extensive factory.
In the course of the opinion, the court, in commenting on the cases cited supra, said that the underlying principle or object of C. P. 644 is to secure to the debtor the means of laboring at his trade and profession, the tools and instruments required by him in his own manual labor. The court cited Bouvier’s Dictionary, verbo tools, to wit:
“Those implements which are commonly used by the hand of one man in some manual labor necessary for his subsistence.”
The court endeavored to draw a distinction between tools and implements used by the debtor himself, and the multifarious machinery of an extensive factory requiring the labor of a large number of skilled operatives.
*851 There is nothing in that case which militates against the proposition that the defendant’s wagon is exempt as “a tool and instrument” necessary for the exercise of his trade or calling as a teamster.
Among other things included in the word “tools,” Bouvier places “a gin and gristmill,” “a net and hoat,” musical instruments, etc.; and states that, “as used in exemption laws, it includes any instrument necessary for the prosecution of trade.” See Rawle’s Revision of 1897, verbo. Hence the argument that the word “tools,” as used in our Codes, should be restricted to such as are used by mechanics, is without merit. It is to be noted that our Codes use the term “tools and instruments.” If a wagon be either, it falls within the statute.
In Rice v. Wadsworth, 59 N. H. 100, the court said:
“In this case the referee found, as a matter of fact, that the wagon, cart, sled, and harnesses were tools of the plaintiff's, occupation. We do not see why the team, wagón, sled, and harness of a person engaged in the business of teaming are not as much tools of his occupation as the plow, cart wheels, and chains of a farmer (Wilkinson v. Alley, 45 N. H. 551); a fisherman’s net and boat (Sammis v. Smith, 1 Thomp. & C. [N. Y.] 444) ; * * * a musician’s cornet (Baker v. Willis, 123 Mass. 194, 25 Am. Rep. 61); a printer’s press, cases, and types (Patten v. Smith, 4 Conn. 450, 10 Am. Dec. 166); or a mechanic’s tools used by a farmer in repairing his farming implements.”
We therefore are of opinion that the relator’s first assignment of error is without merit.
2. The horse and harness of a subtenant was seized with the property of the lessee under the writ of provisional seizure, but was released on bond. The provisional seizure was maintained as to the horse and harness to the extent of only 77 cents, with interest and costs of intervention. The insignificant sum recovered by the plaintiff may well justify the application of the rule de minimis, and this court has jurisdiction to award costs as may be deemed proper in the administration of justice.
In our opinion, the relator’s second assignment of error is without merit.
It is therefore ordered that the judgment •of the Court of Appeal herein be affirmed, and that the plaintiff pay costs in this court.