THOMPSON, J.
 

 The question presented in this case is whether a motortruck used by a lessee of a farm to transport slaughtered and dressed beeves to the market is exempt from seizure as being an implement necessary to the exercise of his calling and by which he gains a living for himself and family.
 

 The district judge held that the truck was exempt, but the Court of Appeal held that the truck was not exempt.
 

 The relator is the head of a family dependent on him for support. He leased from the plaintiff a certain plantation, which he cultivated in agricultural products for the years 1924, 1925, and 1926. He failed to pay all of his rent and was sued by his lessor. Among the property seized under a provisional seizure was a screened Dodge motortruck which the relator bought in the fall of 1926 and for the purchase price of which he executed a chattel mortgage.
 

 The truck was not bought for the farm; was never used on the farm in any manner connected with the growing, harvesting, or marketing the products of the farm. It was purchased and used by the relator to transport his slaughtered beeves to market, it being admitted that he was regarded as a wholesale dealer in slaughtered beeves.
 

 Civil Code, § 2705, provides, among other things, that a lessee shall be entitled to retain the tools and instruments necessary for the exercise of the trade or profession by which he gains his living and that of his family.
 

 Article 644, Code of Practice, provides that
 
 *419
 
 the sheriff cannot seize the tools and instruments of a debtor necessary for the exercise of the trade or profession by which he gains a living.
 

 The Court of Appeal seems to have based its decision on the fact that it was not shown whether the debtor gained his living by farming or as a wholesale dealer in slaughtered beeves, and, in the absence of such a showing, the" court assumed that the business of slaughtering and transporting aniipals to the market was a kind of side line — a commercial enterprise of much larger proportion than was necessary for the gaining of a livelihood.
 

 We agree with our learned brothers of the Court of Appeal that exemption laws are in derogation of the general rule that all of a debtor’s property is the common pledge of his creditors and must be strictly construed. Such laws, however, are not to be so rigidly construed as to destroy their purpose and intent. Where the claim to exemption can by a fair and reasonable interpretation be brought within the spirit and purpose of the statute, the exemption should be allowed.
 

 We can find nothing in the statutes which requires that it be shown that the “trade, calling or profession,” in which the tool or instrument is used, was the exclusive means by which the debtor obtained a living for himself and family in order to entitle him to the exemption, nor is there any justification for the assumption that the debtor made his living on the farm and that the other trade or calling was a mere side line operated for speculative purposes only.
 

 It not infrequently happens that it requires a combination of “trades, callings, and professions,” to eke out even a bare living for a man and his family. It would be requiring almost the impossible to show which was the dominant calling, or the one which contributed the most to the support of the expenses of the household.
 

 As stated, the relator was engaged in farming, as well as slaughtering and transporting cattle to the market. It is just as fair to assume that it required what he made out of the combined operations to provide for his family as it is to assume that one calling was sufficient and the other purely speculative.
 

 Indeed, judging from the record, the two combined failed to adequately support relator’s family and to pay his creditors, for he fell behind with his rent on the farm and still owes for the truck.
 

 The slaughtering of cattle and transporting them to market is a “trade, profession, or calling,” within the meaning of the exemption statutes, as much so as the hauling brick, cement, etc., and the use of á truck such as here involved was necessary to carry on that calling. Of course the debtor might have transported his beeves by animal-drawn -vehicles, or perhaps otherwise. .
 

 But the use of a screened truck for the purpose was the more convenient, sanitary, and quickest means of transporting the slaughtered cattle to the market.
 

 It follows therefore that the truck was an implement necessary to carry on the particular calling in which the relator was engaged.
 

 In Schwartz v. Dennis, 138 La. 848, 70 So. 857, Ann. Cas. 1917D, 94, i't was admitted that the defendant made a livelihood by using a wagon for the purpose of hauling sand, cement, and brick for hire. There was nothing in the report of the decision to indicate or to suggest that the defendant had any other trade, or that tl;e hauling with the wagon was his exclusive means of livelihood. The court held that the wagon was exempt from the seizure for rent.
 

 The judgment of the Court of Appeal is reversed and set aside, and that of the district court is reinstated and made the judgment of this court; the plaintiff to pay the costs.