No. 801

First Circuit

WEBB v. LARCADE ET AL.

(May 5, 1931. Opinion and Decree.)
(June 16, 1931. Rehearing Refused.)
(July 17, 1931. Writs of Certiorari and Review Refused by Supreme Court.)

Medlenka, Bruner & Chambers, of Crowley, attorneys for plaintiff, appellee.

Chappuis & Chappuis, of Crowley, and A. C. Chappuis, of Rayne, attorneys for defendants, appellants.

MOUTON, J. An automobile belonging to plaintiff, Dr. Webb, was seized under a fi. fa., the sale was enjoined by plaintiff, claiming it was exempt from seizure under article 644, C. P.

The exemption was maintained and the injunction perpetuated. Defendants appeal.

Plaintiff is a physician practicing his profession in the town of Rayne and surrounding country.

He testifies that this auto is his only means of transportation, and it is shown by several physicians who testified in the case that, without its use, plaintiff would "starve to death," as they express it. It is therefore plain that the automobile is necessary for the exercise of plaintiff's profession by which he gains his living.

In the case of Hanna v. Bry, 5 La. Ann. 651, 52 Am. Dec. 606, Dr. Hanna's horse was seized for debt. It was the only horse he had, and which, it was shown, was indispensable in his country practice. It was contended in that case that a doctor's horse is fairly to be comprehended under the denomination of tools and instruments necessary for the exercise of his profession. The court found that a horse might contribute to the convenient exercise of a physician's profession, but could not be classified with tools and instruments of his calling which are protected from seizure under article 644 C. P.

It is mainly on the doctrine announced in that decision that defendants rely for a reversal.

In the case of Prather v. Bobo, Sheriff, 15 La. Ann. 524, to which counsel for defendants refer, the press and materials of Prather, a printer by trade, were seized and the exemption was maintained. In commenting on the issues in that case, the court referred to that part of the decision in Hanna v. Bry, 5 La. Ann. 651, 52 Am. Dec. 606, above cited, where the court said it could not treat as tools and instruments of a physician's profession things that contribute to its convenient exercise. The court, however, proceeding further in the discussion of that issue, held that the exemption from seizure found its application because the press and materials seized were not merely convenient but necessary to carry on the printer's trade.

In Schwartz v. Dennis, 138 La. 848, 70 So. 857, Ann. Cas. 1917D, 94, a teamster's wagon was seized for rent under Civ. Code, art. 2705, which shields from seizure the tools and instruments necessary for the exercise of the trade or profession by which the debtor gains his living. The same exemption is embodied in C. P. art. 644, under discussion.

The court in that case said that, as the two articles related to exemptions, the same words or phrases used in both should receive the same construction. In that case it was shown that the teamster used the wagon seized to haul sand, cement, and bricks for hire, and was the means by which he gained his livelihood. In that case the court held that a wagon used by a teamster in making his living is a "tool or instrument" exempt from seizure.

If a wagon is classified as a tool or instrument, we do not see why an auto should not be placed in the same classification, when the latter is not a mere convenience, but is necessary to carry on the debtor's profession or trade.

In the case of Wilbert's Sons Lumber & Shingle Co. v. Ricard, 167 La. 416, 119 So. 411, one of our comparatively recent decisions on the subject under review, a truck in which a farmer transported his slaughtered beeves to market was seized for rent. The court said that the truck was an implement necessary to carry on the particular calling in which he was engaged. In discussing the issue presented, the court recognized the doctrine that exemption laws are in derogation of the general rule that all of a debtor's property is the common pledge of his creditors, and must be strictly construed.

These exemption laws, however, says the court, should not be so construed as to destroy their purpose. The court then uses the following language:

"Where the claim to exemption can by a fair and reasonable interpretation be brought within the spirit and purpose of the statute, the exemption should be allowed."

In the instant case, we think that the claim for the exemption, by a fair and reasonable interpretation of the statute, brings it within its spirit and purpose.

In so finding, we do not believe that we have permitted ourselves to slip into such a loose construction of the provisions of the statute which would be objectionable as leading to the emasculation of the rule that all the debtor's property is the common pledge of his creditors.

———

LeBLANC, J. I respectfully dissent, basing my opinion on the authority as I find it in the case of Hanna v. Bry, 5 La. Ann. 651, 52 Am. Dec. 606, which is cited in the majority opinion. At the time of the decision in that case, the doctor's horse oc-

cupied the same relation to his practice that the automobile does to the doctor in this modern day, and I am of the opinion that the ruling to the effect that the horse was a mere convenience to the exercise of his profession then, and not a tool or instrument of his calling, applies with equal force to the automobile as used by him today.

ON APPLICATION FOR A REHEARING

MOUTON, J. Counsel in their application say, that the teamster's wagon and cattle slaughterer's truck, referred to in our opinion, were absolutely necessary for the exercise of the trade in which the parties were engaged in, while the auto of Dr. Webb is not engaged in transportation, and if so, only incidentally.

In construing article C. P. 644, we must not overlook the reference therein to the use of the tools or instruments by which, says the article, the party "gains his living."

Dr. Webb is practicing medicine in Rayne, a small country town. If a horse, buggy or automobile used by him in the exercise of his profession is not protected from seizure, he would necessarily be reduced exclusively to office practice, and to such as he could attend on foot in the town and in the surrounding country.

It is obvious that he could not "gain his living" by such a limited exercise of his profession, and that if we are to give a proper interpretation of that part of the statute, hereinabove referred to, and probably the main purpose for its enactment, we must hold, that the automobile seized in the instant case was not only incidentally necessary, but was absolutely essential for a rational or reasonable exercise of his profession by which he could "gain a living." It was therefore exempt from seizure.