No. 3507

Second Circuit
(Second Division)

HAMNER & CO., LTD., v. JOHNSON

(June 11, 1931. Opinion and Decree.)

Bertram F. Barnette, of Arcadia, attorney for plaintiff, appellant:

Atkins & Meadors, of Homer, attorneys for defendant, appellee.

TALIAFERRO, J. The sheriff of Claiborne parish, under a writ of fieri facias, issued in this case, seized and advertised for sale a Chevrolet truck, property of defendant. Defendant enjoined the seizure and sale of his property and demanded its release for the reason and on the ground that it was not subject to seizure, but exempt therefrom, as it was his "means, tool and instrument necessary for the exercise of his calling, trade and profession by which he makes a living"; that said truck is used by him as a "school bus" to transport children to and from the Haynesville High School in Claiborne parish.

Plaintiff denies that the seized property is exempt from seizure for the reasons set up by defendant, and asserts that he is a farmer, engaged in raising cotton, corn, and other agricultural products. On these issues the case was tried, resulting in judgment for defendant. Plaintiff took appeal.

No brief has been filed in this court by appellant, nor has any appearance been made.

The sole question presented for decision is whether the seized truck is exempt from seizure, under plaintiff's judgment, under article 644 of the Code of Practice, which prohibits the sheriff from seizing the tools and instruments of a debtor necessary for the exercise of the profession or trade by which he gains a living.

The evidence establishes that defendant was employed by the school board of Clai-

borne parish to operate a "bus" to transport children to and from the Haynesville High School, at a salary of $100 per month for school term of nine months, and that the operating expenses of the bus per month was $50. It is shown that defendant, through tenants, farmed some on the side, but that this line of endeavor has not proven profitable. He is virtually without property, save the truck seized.

We are satisfied, from the evidence, that defendant depended upon the compensation yielded him by the operation of his truck as a school bus for his living.

Judicial notice may be taken of the fact that a school bus must be operated on a fixed time schedule, both in gathering children in the morning for delivery at school and returning them safely to their homes in the afternoon, when school is out. Defendant gave his personal services and time to the operation of his truck. It therefore follows that for five days of the week practically all his time was consumed in the efficient discharge of the important responsibility incident to his employment. The school bus is an important adjunct in the successful carrying on of the high schools of the state, in fact, an indispensable factor therein, and the operation of such busses now may be properly called a trade or profession on the part of those engaged therein, within the intendment of article 644 of the Code of Practice. Such a trade or profession may only be exercised by employing means adequate to effectuate the objects and purposes implied in the very nature of the trade or profession. Such means, whether a wagon, automobile, or truck, is the "tool or instrument," within the meaning of article 644, Code Prac. by which the trade or profession is exercised.

In Schwartz v. Dennis, 138 La. 848, 70 So. 857, Ann. Cas. 1917D, 94, the Supreme Court held that a wagon used by the owner in hauling brick, sand, cement, etc., to earn a livelihood, was an "instrument or tool," within the meaning of article 644 of the Code Prac. If this be true, certainly it follows that a truck or bus employed, as herein shown, by the owner and operated by him personally, is such "tool or instrument" within such meaning.

In Wilbert's Sons Lumber & Shingle Co. v. Ricard, 167 La. 416, 119 So. 411, the court held exempt from seizure a truck used by the owner to transport slaughtered cattle to market. It was also held in that case that the slaughtering of cattle and transporting them to market is a "trade or profession or calling" within the meaning of the exemption statutes.

We find no error in the judgment appealed from and it is, therefore, affirmed.