**MORRIS–WILSON BUICK CO., Inc., v. ROBERTSON.\***

No. 4370.

Court of Appeal of Louisiana. Second Circuit.

March 6, 1933.

J. B. Crow, of Shreveport, for appellant.

Wilson & Abramson, of Shreveport, for appellee.

TALIAFERRO, Judge.

Plaintiff issued execution on its judgment against defendant under which a Ford sedan was seized by the sheriff and advertised for sale.

Defendant applied for and was granted a rule on plaintiff and the sheriff to show cause why the seized car should not be decreed exempt from seizure and sale under said process for the following reasons, appearing in his petition:

" * * * That petitioner is a traveling insurance salesman selling life insurance throughout East Texas and Northwest Louisiana, and is constantly using said vehicle in the exercise of his business as such, and that the said vehicle is the only means by which he can make his living and exercise his business or calling as a traveling insurance salesman; that said automobile is indispensable to petitioner in the exercise of his business as a traveling salesman, and, as such, is exempt from seizure and sale under Act 79 of 1876 of the General Assembly of Louisiana and article 644 of the Code of Practice of Louisiana, as well as article 2705 of the Civil Code of Louisiana, and other exemption statutes, and also under the Constitution of Louisiana."

And he further avers that:

" * * * To deprive him of said car would be to utterly destroy his business as a traveling insurance salesman, and petitioner will be unable to gain a livelihood for himself and his dependent family; that petitioner has a wife and minor children dependent upon him for support, and it is indis-

pensable and necessary that he have the car to carry on his business."

He claims damages of $25 as counsel fees for dissolution of said seizure, and for $10 for loss of time in employing counsel and attending court.

Defendant in rule admitted the seizure of the car, as alleged, but in other respects denied the allegations of the petition for injunction. The lower court held that the car was not exempt from seizure and dismissed the rule. Plaintiff in rule has appealed.

Defendant lives in Oil City, in Caddo parish, and solicits business for the Great Southern Insurance Company in and about the city of Shreveport, as well as in a part of the state of Texas. He is not confined to any specific territory. He maintains an office in the headquarters of his company in Shreveport. The seized car is used by him to go from place to place in search of business, and is also used for pleasure by himself and family. His company does not require him to own a car for the prosecution of his business. It is shown that many insurance solicitors do not own and operate an automobile in pursuing their business, while, on the other hand, others do.

Article 644 of the Code of Practice says that: "The sheriff or constable can not seize * * · * the tools and instruments" of the debtor, "*necessary* for the exercise of his or her calling, trade or profession by which he or she makes a living." And article 2705 of the Civil Code, under the title of "Letting of Things," extends the exemption to rent due by a lessee.

█ Under the plain letter of the Code, the "tools and instruments" used by the debtor to gain a living must be "necessary" to his calling, trade, or profession. If the "tool or instrument" is not necessary to carry on the particular calling, trade, or profession, but simply adds to the convenience thereof, or renders its conduct more pleasant and less burdensome, then such tool or instrument is not exempt from seizure and sale for debt under this law. It might be said in passing that an attorney or merchant finds the use of an automobile very convenient as well as pleasant to the carrying on of his business, but no one will contend that the car is necessary to do so. Other means of locomotion could be availed of to enable them to pursue their trade or profession.

█ It is common knowledge that practically every part of the country can now be easily and quickly reached by travel on train or bus, operated on schedules. In cities and thickly populated centers the necessity of an automobile in many lines of business does not exist. We think the insurance business is one of these. It is well known that before the coming of the automobile there was no lack of solicitors of insurance in town and country.

A discussion of this exemption leads to these questions: May the debtor carry on his trade, calling, or profession without the use of the "tool or instrument" he seeks to have declared exempt? Is it necessary to his trade, calling, or profession that he use such "tool or instrument" in order to earn a living for himself and family and pay his debts?

Corpus Juris, vol. 25, p. 52, § 84, on this subject, has this to say:

"Necessity of Employment in Occupation or Trade. In General. The statutes often expressly require that the tools and implements which they exempt shall be used by the debtor to earn his living, or to carry on his trade or business, their necessity for this purpose being the reason for exempting them. And by the weight of authority, when such a condition is not expressed, it is to be implied. Under these statutes the "tools" of a mechanic or other person must be kept for actual use in his trade, not merely for his pleasure or convenience, or for hiring out to others to be used in their trade. It is not necessary that the tools be required for immediate use, or that they be in actual use at the time of the levy, nor that they shall yet have been used. If the debtor no longer uses the tools in carrying on his own business, but employs them in a trade belonging to another for whom he works, they are not exempt."

When article 644 of the Code of Practice was adopted originally the internal combustion engine was unknown, but the designation "tools and instruments" has been recently construed to include trucks propelled by such engines, under certain circumstances. In Wilbert's Sons Lbr. & Shingle Co. v. Ricard, 167 La. 416, 119 So. 411, the truck of debtor was held exempt because it was his only means to transport slaughtered cattle to market. In Hamner & Co. v. Johnson, 16 La. App. 580, 135 So. 77, a school bus was decreed to be exempt where it was used by the debtor himself to carry children to and from high school. In each of these cases it was obviously necessary to the conduct of the "trade, calling or profession" of the debtor that a vehicle of some sort be employed.

Appellant cites Webb v. Larcade et al., 17 La. App. 21, 134 So. 292, 135 So. 262, in support of his contention that his car should be exempted from seizure. In that case the seized auto belonged to Dr. Webb, who lived in the town of Rayne, and practiced medicine extensively over the adjacent territory. The judges of the First circuit were not unanimous in holding that the doctor's car was exempt from seizure and sale as the "tool or instrument" by which he earned a living. We think, however, that stronger reasons may be given in support of the debtor's contention in that case than can be advanced in the instant case. A doctor cannot wait for a bus or train to carry him to his patients. It is

impracticable for him to walk to all the homes of those requiring his aid. He must have some means of getting about quickly. The insurance agent has no hurry calls. He may move about leisurely and transact his business, covering towns and villages on foot, and moving from place to place on bus or train, as his convenience and business requires.

We find no error in the judgment of the lower court, and it is affirmed.