## TALBOT v. SCOGIN.
### No. 4499.

Court of Appeal of Louisiana. Second Circuit.

April 28, 1933.

H. W. Ayres, of Jonesboro, for appellant.

Wm. J. Hammon, of Jonesboro, for appellee.

MILLS, Judge.

Defendant, actively engaged in following the trade of barbering, rented from plaintiff a building in Jonesboro, La., in which he opened a four-chair tonsorial establishment. Becoming delinquent in the payment of the rent, his landlord, in the present action, seeks to recover judgment for the rent due and asks recognition of his lessor's lien and privilege on all the property of defendant on the leased premises, which he provisionally seizes.

A motion to dissolve the seizure was referred to the merits.

After due trial had there was judgment in favor of plaintiff for the amount claimed, recognizing his privilege and maintaining the writ of provisional seizure except as to the following articles: 1 hot water heater, 1 hot water tank, 1 barber chair used by defendant, 1 gas heater, 1 shampoo stool, 1 section mirror case, 1 oak settee, 1 hat rack, 1 barber pole, 1 ceiling fan, 1 towel urn, 1 paper urn, 2 cuspidors, 1 sterilizer, 2 hair cloths, light fixtures, 1 set of individual barber tools, 1 lavatory, 50 towels, powders, and tonics. The intention being to exempt those tools and materials and articles necessary to operate a one-man barber shop.

Plaintiff appeals from that portion of the judgment exempting the above articles.

Defendant neither appealed nor answered the appeal of plaintiff.

██ The motion to dissolve is based upon the provisions of article 2705 of the Revised Civil Code and article 644 of the Code of Practice, which exempt from seizure the tools and instruments necessary for the exercise of his or her calling, trade, or profession by which he or she makes a living.

Neither party complains of that part of the judgment maintaining the seizure of the three barber chairs not used by defendant and the other articles not necessary to the operation of a one-man shop. Plaintiff does contend that the exemption should be limited to the razors, clippers, scissors, combs, neck dusters, straps, mugs, and brushes which defendant testifies he would have to furnish if he took a chair in some one else's shop.

In A. Wilbert's Sons Lbr. & Shingle Co. v. Ricard, 167 La. 416, 119 So. 411, 412, the

article involved was a screened motortruck used to transport slaughtered beeves to market. The district judge held it exempt. The Court of Appeal held to the contrary. In reversing the Court of Appeal, and reinstating the judgment of the district court, the Supreme Court said: "We agree with our learned brothers of the Court of Appeal that exemption laws are in derogation of the general rule that all of a debtor's property is the common pledge of his creditors and must be strictly construed. Such laws, however, are not to be so rigidly construed as to destroy their purpose and intent. Where the claim to exemption can by a fair and reasonable interpretation be brought within the spirit and purpose of the statute, the exemption should be allowed."

The object, purpose, intent, and spirit of the exemption laws is that the debtor should not be deprived of the power of paying his debts and making an honest living for himself and family.

So we find in other states that the chairs, mirrors, tables, and foot rests of a barber have been held exempt. 25 C. J. 52, and cases cited.

In our state we find the exemption extended to a doctor's automobile. Webb v. Larcade, 17 La. App. 21, 134 So. 292, 135 So. 262.

A butcher's screened delivery truck. A. Wilbert's Sons Lbr. & Shingle Co. v. Ricard, supra.

A school bus. Hamner & Co.. Ltd., v. Johnson, 16 La. App. 580, 135 So. 77.

A teamster's wagon. Schwartz v. Dennis, 138 La. 848, 70 So. 857, Ann. Cas. 1917D, 94.

A printing press and materials. Prather v. Bobo, 15 La. Ann. 524.

And in Boston Belting Co. v. Ivens & Co., 28 La. Ann. 695, that it does not include the multifarious machinery and implements of an extensive factory.

In enacting these laws, the above decisions clearly show that the workman was not intended to be limited to the absolutely essential tools required to procure a job in the shop of an employer who furnished the almost equally necessary incidentals. To so hold would deprive a barber, living in a town too small to support more than a one-chair shop, of any opportunity to follow his trade or calling. No one in this day and time would pay for a shave or hair cut unaccompanied by the usual incidentals and conveniences too well known to need enumeration.

We think the purpose of the exemption is to afford the workman an opportunity to carry on his trade independently and wherever he may be situated.

We think the judgment appealed from is correct, and it is accordingly affirmed.