## MICK v COEY et

Ohio Appeals, 2nd Dist, Franklin Co

No 2602.   Decided April 7, 1936

Coughlin, Ogier & Lloyd, Columbus, for
plaintiff in error.
Stephen Mavis, Columbus, for defendant
in error.

## OPINION

By HORNBECK, J.

It is the claim of the plaintiff in error that the automobile in question is not exempted to the debtor by the provisions of either of these statutes. Counsel for the defendant asserts, as we understand it, that the automobile is exempt under **Subdivision 5, §11725, GC.** The sections under consideration in so far as pertinent are **§11725, paragraph 5, GC:**

"Every person who is the chief support of a family, * * * may hold property exempt from execution, attachment or sale, for debt, damage, fine or amercement, as follows:

5. The tools and implements of the debtor necessary for carrying on his or her profession, trade or business, including agriculture, to be selected by him or her, not exceeding two hundred dollars in value."

Sec 11738, GC, as follows:

"Husband and wife living together, * * * resident of this state, and not the owner of a homestead, in lieu thereof, may hold exempt from levy and sale, real or personal property to be selected by such person or his attorney, before sale, not exceeding five hundred dollars in value, in addition to the amount of chattel property otherwise by law exempted. Such selection and exemption shall not be made by the debtor, or his attorney, or allowed to him from money, salary or wages due to him from any person, partnership or corporation, **nor shall any passenger automobile be selected as exempt."** (Emphasis ours.)

The purpose and intent of parties and counsel in this cause is to have determination made of the application of that part of §11738, GC, which we have emphasized, to the right of the defendant to have the automobile upon which levy was made set off to him as exempt property.

Counsel assume that certain material facts are before the court which unfortunately an examination of the statement of facts fails to disclose. There is no value fixed on the automobile upon which levy was made. In both of the sections under consideration value is essential to a determination whether or not the debtor is entitled to an exemption to the property claimed to be exempt. Under the subdivision of §11725 GC this value is not to exceed $200.00. Under §11738 GC it is not to exceed the sum of $500.00. We can not indulge a presumption that a 1935 Graham-Paige sedan was at the time the exemption was claimed worth more than $200.00 nor less than $500.00. Nor does the statement of fact disclose that James H. Coey was either the chief support of a family or that his status was such that he came within any of the other requirements essential to establish that he was the head of a family as is provided by §11725, GC. It would seem that the claim for exemption was made under §11725 GC but if perchance it was made under §11738 GC it does not appear that he is not the owner of a homestead or that he comes within any of the provisions of the section which would entitle him to claim the benefits thereof. Without respect to the application of that part of §11738 GC which provides that no passenger automobile shall be selected as exempt, the trial court could not permit the debtor to claim the automobile to be exempt upon the facts which it is agreed represent the evidence before the trial court. This is true for the substantive reasons which we have just menitoned, viz., that the requisite proof does not appear which would make either section and particularly §11725 GC, Subdivision 5, available to the defendant.

It fairly appears that the claim of the debtor for exemption was predicated upon **Par. 5 of §11725 GC.** To deterimne whether or not the debtor is entitled to the benefits of this paragraph of the section several facts must appear: (1) that the debtor is the chief support of his family or in a status equivalent thereto, as defined by the section; (2) that the property claimed as exempt is a tool or implement of the debtor, and (3) that it is necessary for carrying on his profession, trade or business, and (4) that it does not exceed $200.00 in value.

Under the agreed statement of facts (1) does not appear and although it is probably a fact we can not go over and beyond the agreed statement and for this failure of proof the exemption could not be allowed. Likewise, No. 4 does not appear. Nowhere is the value of the automobile fixed by agreement or by proof. It is established by the agreed statement of facts that the automobile is necessary to the debtor in his trade or business. There is left, then, the one question, namely, is the automobile a tool or implement of the debtor? We would say that it is not a tool, but in the

broad acceptation of the term it is an implement. Webster's Dictionary defining implement says:

"Implement is the broadest term, frequently implying that by which any operation is carried on."

A music teacher's piano has been held to be an implement, as has a steam engine used exclusively for working a threshing machine.

There is marked difference in adjudication of the cases treating the subject of the exemption of automobiles under exemption statutes. Much of the divergence of opinion results from the difference in the language of the statutes under consideration. In the states where exemption provisions similar to §11725, GC, have been under consideration the trend of authority appears to support the conclusion that an automobile may be held to be an implement of a debtor, which may be declared exempt if necessary for carrying on his profession, trade or business.

The cases are annotated in 2 A.L.R., 818; 28 A.L.R., 74; 36 A.L.R., 669; 58 A.L.R., 826 and 94 A.L.R., 299. We will refer to but a few of the cases cited.

Dowd v Hueson (Kan.) 252 Pac. 260. It was there held that:

"Where an automobile owned by the foreman of a construction company was used by him on his business errands about town, and to carry the workmen over whom he was foreman to and from their employment in out-of-town jobs, and also to carry their tools, such automobile should be considered as a 'necessary tool and implement' of his trade or business, and exempt from execution * * *."

To like effect the later case of Hoxie State Bank v Vaughn (Kan.) 21 Pac. 2d, 356.

In Webb v Larcard (La.) 134 So. 292 it was held:

"An automobile used by a physician in making professional calls upon his patients in the town and surrounding country and without which he would not be able to make a living as a physician was exempt as a tool or instrument necessary to carry on his profession."

A case of some interest in the instant matter is Morris-Wilson Buick Co. v Robertson (La. App.) 146 So. 339:
"A Ford sedan which a traveling insurance salesman used in his business as such, and used also for the pleasure of himself and family, was not a tool or instrument 'necessary' for the exercise of his calling, trade, or profession. even though it might have added to the convenience thereof, the court pointing out that the insurance agent has no hurried calls and may move about leisurely in the transaction of his business, covering towns and villages on foot, and moving from place to place on bus or train, as his convenience and business require."

The distinction between the facts in the cited case and the instant case is readily apparent. Here the automobile was used practically exclusively by the debtor in the pursuit of his business and his calls were not or could not have been made leisurely because of the number which were required to be made within a limited time. The court in the cited case found that the automobile was not necessary for the exercise of the debtor's calling.

Some of the cases make distinction between the necessity of the use of an automobile actually employed in the business, as in the instant case, and where it is employed as an incident to the business in merely carrying the workman to and from his employment.

In Ohio we have three cases which are of value on the question under consideration. In **Johnson Electric Company v Spence, 28 O.C.A., 44**, it was held that an automobile was not an implement within the meaning of **Subdivision 5 of §11725, GC**. The court did not and could not have found that the automobile was used exclusively or principally by the debtor in carrying on his trade or business, and though the court held that an automobile was not an implement within the meaning of the statute the exemption could have been denied, independent of this interpretation of the law.

**Janasik v Thomas, 28 O.N.P. (N.S.) 616**, in which the opinion was written by Chief Justice Weygandt, then on the Common Pleas Bench of Cuyahoga County. The determination in this case was planted directly under **Par. 5 of §11725, GC**. The opinion very properly, near the close thereof, directs attention to that part of §11738 GC which reads: "Nor shall any passenger automobile be selected as exempt"; and determines that this language relates exclusively and solely to the exemption in lieu of a homestead and is not in conflict with §11725 GC.

There would be no difficulty whatever in denying to a judgment debtor exemption of a passenger automobile if selected un-

der §11738 GC, in lieu of a homestead and declaring such automobile to be exempt under §11725 GC, if found to be an implement of the debtor necessary for carrying on his trade or business.

In **Gordon v Brewer, 32 Oh Ap, 199,** the Court of Appeals of Cuyahoga County held that an automobile owned by a licensed real estate broker, which she used in her business and also for family purposes, was not exempt under **§11725, Par. 5, GC.** The court refused to declare the automobile to be exempt because of the varied circumstances which might be presented in interpreting the statute with respect to an automobile, and was of opinion that it could not be regarded as an essential, without which the business, trade or profession of a debtor could not be carried on. With this latter interpretation we are not in accord. There was a time when the automobile was considered a luxury, but with its development it has come to be so commonly used as that it may be declared to be an essential implement to the carrying on of certain trades, professions or businesses. When, as in **Par. 5 of §11725 GC,** the value of an automobile which is to be declared exempt is restricted to not more than $200.00, it may well be understood that such a machine could be classified as an implement necessary to the carrying on of a very simple business. The question whether or not the automobile is necessary for the carrying on of the business, trade or profession of a debtor must always be one for factual determination. Recognizing the obligation to construe exemption statutes liberally to effectuate the purpose for which they are designed, namely, the protection to a debtor of those things which are necessary and essential to his earning a livelihood for himself and family, and in view of the adaptation of the automobile to the usage of modern business, we are of opinion that an automobile may be an implement of a debtor necessary for carrying on his profession, trade or business and if its value does not exceed $200.00 may be set off to him as exempt, under **Par. 5, §11725, GC.**

For the reason that the agreed statement of facts precludes the exemption to the debtor in the particulars heretofore indicated this cause must be reversed and it will be so ordered. Judgment reversed.

BARNES, PJ, and BODEY, J, concur.