In this case plaintiff procured the issuance of a rule to show cause on his application for an injunction to restrain J. Howell Flournoy, Sheriff of Caddo Parish, La., and T.W. Hardee, the judgment creditor of plaintiff, from proceeding with the execution of judgment against plaintiff and the satisfaction of a writ of fieri facias by the sale of plaintiff's automobile, on the ground that said automobile is a tool or instrument necessary for the exercise of the trade or calling by which plaintiff earns a living for himself and family, and, therefore, exempt from seizure and sale under the provisions of Article 644 of the Code of Practice.
After trial the rule was recalled and plaintiff's application for injunction denied, from which judgment plaintiff prosecutes this devolutive appeal, the granting of a suspensive appeal having been refused.
The pertinent facts, which were established without dispute, show that plaintiff, Holt, is an employee of the St. Louis Southwestern Railway Company, better known as the Cotton Belt. Plaintiff works in the car department of the said railway line as a car repairer, whose duties are to test the mechanical parts and appliances of Railway cars and to make necessary repairs. Plaintiff was employed on the basis of an hourly wage schedule, and worked a shift from 8 a.m. to 5 p.m. each day, or about those hours, performing the greater part of his services in the company's yards in Shreveport some four to five miles distant from his residence. Though plaintiff lives within less than two blocks of a regularly operated bus line, he habitually uses his car as a means of transportation between his home and work. It was further shown that after plaintiff had been employed for some little time his foreman began using him on repair jobs at various points on the line of the railway between Shreveport, La. and Bradley, Ark., a distance of some 50 miles, more or less. On these out-of-town jobs plaintiff used his own automobile for the purpose of transporting himself and necessary tools and equipment, and, indeed, it appears that his ownership of an automobile was an important factor in his selection for this work, in addition to the consideration of his ability and competency. The principal purpose of these out-of-town jobs was directed to the repair of cars which had been set aside for mechanical defects or damage to an extent that prevented the completion of the run of such cars with their respective trains. Plaintiff received no added compensation for the use of his car, was paid only for his time actually consumed, but was allowed 5 cents per mile by way of reimbursement for the expense incurred and the wear and tear attendant upon this use of his car.
Plaintiff's foreman, a Mr. Schlater, testified that plaintiff's ownership of a car was not a condition either to his original employment or to his continuance as an employee; that the ownership of an automobile by car repairmen is not required, nor would plaintiff be affected either as to hours of employment or scale of pay by his loss of ownership of the automobile.
The sole issue tendered by this appeal is whether plaintiff's automobile is such a tool or instrument as is necessary to the calling or trade by which he makes a living, and as such exempt from seizure under the provisions of Article 644 of the Code *Page 173 
of Practice. The Court finds itself again confronted with the determination of a difficult question which demands that a careful course be steered between the Scylla of a too strict construction of a law in derogation of a creditor's right to be satisfied out of his debtor's property, and the Charybdis of a too liberal construction of the intent to protect the means of livelihood by which the head of a family maintains and supports the family group.
The written opinion of the district judge has thoroughly covered and ably discussed the jurisprudence bearing upon the question at hand, and with his conclusions we are in accord.
[1] In cases of this character there is one question of prime importance, the answer to which inevitably determines the judgment, namely: Will the debtor be deprived, by the seizure and sale of the property involved, of a tool or instrument necessary for the exercise of his calling, trade or profession? There is, of course, a corollary to this question: Will the loss of the property seized prevent the debtor from continuing to follow the calling, trade or profession in which he has been engaged, and in which the particular property has been used?
Both of these questions, under the facts established in the instant case, must be answered in the negative.
There is nothing in the record which would justify even the inference that an automobile is such a tool or instrumentality as is necessary for the use of any car repairer. There is no question but that the ownership of an automobile by this plaintiff is a personal convenience, but convenience can not be extended to mean necessity. It must also be conceded that the ownership of an automobile by this plaintiff, under the circumstances set forth, is also a matter of convenience to his employer, permitting the employer to avail himself of plaintiff's automobile as a method of transportation to outlying points where plaintiff performs services benefiting the employer. But, again, we point out that the convenience and the consequent benefits accruing to the employer do not bring the automobile under the exemption clause of the codal provision.
[2, 3] In our opinion the general test which should be applied in these cases must be considered to be a determination as to whether the property seized is such a tool or instrument as is recognized as being necessary in the exercise of the general calling, trade or profession in which the individual is engaged, and by which he makes his living. As we have above observed, there is no showing that automobiles are necessary tools or instruments for the use of railroad car repairers as a class or group, nor is it indicated in any particular that plaintiff comes under any exception which would entitle him to the protection established by the exemption.
These principles are followed in the jurisprudence of our State bearing upon this question. Observed in this light, we find that our courts have held:
That printing presses and materials necessary in the conduct of the trade of printing are exempt, Prather v. Bobo, 15 La. Ann. 524; that books used and needed by ministers of the gospel for the purpose of their calling are exempt, State ex rel. Mt. Calvary M. E. Church v. St. Paul, 111 La. 71, 35 So. 389; that wagons are necessary to teamsters and are exempt, Schwartz v. Dennis, 138 La. 848, 70 So. 857; that specially prepared screened trucks are necessary to slaughterers of cattle, and are exempt, Wilberts Sons Lbr. Shingle Co. v. Ricard,167 La. 416, 119 So. 411; that electric patching machines, shoe machines, and similar appliances are necessary to shoemakers and shoe repairers in the practice of their trade, Sliman v. Fish, 177 La. 38, 147 So. 493; that school buses are necessary to operators engaged in the trade of transporting school children, Hamner v. Johnson, 16 La. App. 580, 135 So. 77; that automobiles are necessary for the use of physicians practicing in country sections, Webb v. Larcade, 17 La. App. 21, 134 So. 292, 135 So. 262; that equipment of barber shops is necessary to barbers, Talbot v. Scogin, La. App., 147 So. 722; that gasoline launches used as indispensable adjuncts of the business of fishing are necessary to fishermen, Lafourche Ice Shrimp Co. v. Gilbeau, La. App., 185 So. 310; that certain farm tools are necessary to farmers, Young v. Geter,185 La. 709, 170 So. 240, 107 A.L. R. 608.
Conversely it has been held that automobiles are not necessary to traveling insurance agents, Morris-Wilson Buick Co., Inc., v. Robertson, La. App., 146 So. 339; nor to Judges, Jones v. Scott, La. App., 167 So. 117.
We find nothing under the facts of this case which would subject the seizure to the *Page 174 
application of the exemption provisions by word, spirit or intent.
For the reasons assigned, the judgment appealed from is affirmed at appellant's cost.
KENNON, J., takes no part.