EDWARDS, Judge.
Plaintiff, Bobby Pickett, a resident of Terrebonne Parish filed suit against the defendant C. E. Miller d/b/a Miller Seafoods on open account to collect a debt resulting from the sale of commercial seafood.
Since Miller was a resident of Florida, jurisdiction was obtained through a nonresident attachment. Pursuant to the writ of non-resident attachment the Sheriff of Terrebonne Parish seized a refrigerated trailer truck, owned by Miller, while it was in Terrebonne Parish.
Miller substituted a surety bond in order to release the seizure on his truck and the appellant, Adams, signed as surety.
Miller was represented by counsel, made a court appearance, the matter was tried, and resulted in a money judgment being rendered in favor of Pickett and against *817 Miller in the amount of $5,513.17 plus interest from judicial demand and costs.
This judgment which was signed on October 1, 1974 is a final judgment — no appeal was ever taken. Almost four months later the original plaintiff filed a rule against the surety, Adams, for him to show cause why judgment in a like amount should not be rendered against him.
This proceeding resulted in the rendition and signing of a money judgment against Adams in the amount of $5,513.17 plus cost and interest. This judgment also was not appealed, and is clearly final.
This litigation results from plaintiff’s efforts to collect the judgment against Adams. Plaintiff obtained a writ of fieri fa-cias and the sheriff’s return reflects that he seized: (1) conveyor located at 700 Du-lac, and (2) all of Delton Adams leasehold interest in and to the property leased by him at Box 700 Dulac .
Adams then brought a “petition for injunction to arrest seizure and sale by writ of fieri facias . . .” The basis for the injunction was that under LSA-RS 13:3881(2) the property seized is exempt from seizure.
The trial court concluded that the conveyor is a “tool of the trade” and exempt from seizure, but that the leasehold interest was not exempt, and therefore is subject to seizure. The judge, however, ordered that the judgement denying the preliminary injunction in relation to the leasehold interest be suspended during the pen-dency of an appeal.
Plaintiff-appellee has not answered the appeal challenging the correctness of the trial court’s decision as to the conveyor, and that issue is therefore not before this court on appeal.
Defendant-appellant has suspensively appealed the judgment holding that the leasehold interest is subject to seizure. Appellant contends the trial court committed error in holding that the leasehold interest in the location where he conducts his business is not exempt for the reason that it is an incorporeal and therefore not within the exemption provided in R.S. 13:3881(2).
La.R.S. 13:3881 provides:
“The following income or property of a debtor is exempt from seizure under any writ, mandate or process whatsoever:”

(2) The tools, instruments, and books necessary to the exercise of a trade, calling, or profession by which he earns his livelihood, in whole or in part; . . .”
Both counsel acknowledge that the question of whether leased premises of a debtor are exempt from seizure under R.S. 13:3881 (2) is res nova.
In the cases relied on by counsel for appellant the determinative issue was the purpose for which the object was used, and not a characterization or analysis of the object itself, as is the issue here.
All of the cited cases involved corporeal moveables such as an automobile, Holt v. Flournoy, 24 So.2d 171 (La.App.2d Cir. 1945); a boat, Cox v. Smith, 275 So.2d 459 (La.App.2d Cir. 1973); barber tools, Talbot v. Scogin, 147 So. 722 (La.App.2d Cir. 1933) etc.
There is no support by analogy for including a leasehold interest. A proper interpretation of the statute indicates that an incorporeal leasehold interest is not included within the term “tools, instruments and books.” Counsel for appellant has not cited any persuasive authority, for interpreting these words beyond their ordinary meaning.
Accordingly, the judgment of the trial court is affirmed at appellant’s cost. •
Affirmed.