## No. 6665.

### DUNCAN STEWART VS. CHARLES LACOUME.

The exemptions of property from seizure provided for by article 644 of the Code of Practice, and by the acts of 1872 and 1874, do not apply in favor of lessees, as against their lessors.

The surety on a forthcoming bond can only claim a release from his obligation, because the sheriff has made a return of the *fi. fa.* issued against the principal of the bond before the return day of the writ, by showing that he was injured thereby. And even then he can only claim a. release to the extent of the injury proved.

The surety on a bond for the release of property provisionally seized by a lessor, becomes liable from the moment he fails to return the released property to the sheriff, when the latter, under a *fi. fa.* against the principal on the bond, makes a demand on the surety.

APPEAL from the Fifth District Court, parish of Orleans. *Rogers,* J.

*Kennard, Howe & Prentiss* for plaintiff and appellee.

*Hornor & Benedict* for defendant.

*St. M. Berault* for warrantors.

The opinion of the court was delivered by

DeBLANC, J. For rent due him by W. J. A. Hughes, Duncan Stewart obtained a judgment against him, with right of pledge on the property, which had been provisionally seized to satisfy said rent. On the twentieth of September 1875, the property seized was released on a forthcoming bond subscribed by said Hughes, as principal, and by Charles Lacoume, as his surety.

Stewart vs. Lacoume.

On the twenty-second of September 1875, Hughes sold to Charles Lacoume, the furniture and effects subject to plaintiff's pledge, and which—two·days before—had been released on bond. On the first of October, Hughes removed all of said furniture and effects from Stewart's house, to one leased by him from Charles Campbell, and—afterwards—took a rule to set aside the seizure, on the ground that the value of said property was under $600, and exempt by law from seizure by the lessor. On the third of November, that rule was tried and dismissed.

On the twenty-fifth of December, the sheriff of the parish of Orleans received a writ of *fieri facias* issued on plaintiff's judgment against Hughes, and—in his return on that writ—he states that he called on the principal and the surety on the forthcoming bond, to point out property for seizure, but that none was pointed out. That Hughes said he would surrender the effects which had been provisionally seized from him, but failed to deliver them in the custody of said officer, who—on the eighth of February 1876, returned the writ of *fieri facias*, with the endorsement "*nulla bona*."

It was after that return that the present suit was brought against Charles Lacoume, as surety on the bond. In his answer to that suit, he contends :

1. That, though he instructed the sheriff to seize the furniture which had been released on bond, and informed him where said property was and could be found, the sheriff refused to seize it.

2. That said property was and remained exempt from seizure, and no bond could have been required for its release—and, if it was not exempt, his obligation as a surety has been destroyed by the sheriff's refusal to seize the effects subject to the lessor's pledge, and by the premature return of the writ of *fieri facias*.

To that portion of defendant's answer, in which he claims that the property provisionally seized is now, and was—when provisionally seized—exempt from seizure, plaintiff opposes the plea of *res judicata*, and bases that plea upon the fact that, in his suit against Hughes, the same exception was urged by the latter, tried and finally determined against him, and that the judgment dismissing that exception can not be collaterally attacked by Charles Lacoume. That plea is untenable.

The bond sued upon is made payable to Eugene Waggaman, the sheriff of the parish of Orleans, by whom it was transferred to plaintiff, and its condition is "that, if the defendant—W. J. A. Hughes—shall satisfy such judgment as may be rendered against him in the suit pending at that time between him and Stewart, then the obligation evidenced by the bond to be void, or else to remain in full force."

Stewart vs. Lacoume.

It is evident that the exemptions provided for in the 644th art. of the Code of Practice, and in the acts of 1872 and 1874, do not apply to lessees. The exemptions in their favor are specially mentioned in art. 2705 of the R. C. C. and the titles of the aforesaid acts which are, the first "An act to amend article 644 of the Code of Practice," and the other "An act to amend the act" so entitled, exclude the supposition that, in adopting both or either of them, the Legislature intended to amend article 2705 of the Civil Code.

Was Lacoume released by the fact that the writ of *fieri facias* issued against Hughes, was returned before the seventieth day? He was not, or—if he was—he has failed to show it. Had he proven that, on account of that premature return, any property of Hughes which could have been seized in the interval from the date of that return and that fixed by the writ for said return, is no longer subject to said writ, or had he proven that he has been, in any way, injured by said action, he could certainly claim that—to the extent of the injury sustained—he has been discharged from his obligation as a surety. This, he has not done.

We consider, as Lacoume does, that the bond which he subscribed in favor of the sheriff is and could be but a forthcoming bond. Whether it was or not, and by whatever name that bond may be called, has his obligation as a surety arisen, and—if it has—when? His obligation arose when, with the writ in hand, the sheriff went to him and asked him to point out property for seizure. He should—then—have returned the property which, by the forthcoming bond, had been taken from the custody of the sheriff.

Did he do it? He said, on the trial, that he had been informed, but did not know, that the sheriff had refused to seize the furniture which had been released on bond, on the ground that it had become subject to the rights of another lessor. As to Hughes, he testified that "he told the sheriff to get the furniture—that it was in house No. 427 Josephine street."

From two of the deputy sheriffs, we learn that Hughes and Lacoume were notified that the property would have to be brought back to the warehouse and delivered to the sheriff for identification. This was not done, and the condition of the bond was violated by the principal and his surety; and that surety, in whose name stands the title to the released property, and who has already obtained judgment against his warrantors on a bond of indemnity furnished by them to protect him against the effects of his own bond to the sheriff, was justly held liable.

The appeal, in this case, was not a frivolous one, and plaintiff is not entitled to the damages he claims.

The judgment of the lower court is affirmed with costs.