## MARTIN v. REYNAUD.

### No. 5483.

Court of Appeal of Louisiana. Second Circuit.

June 1, 1937.

Rehearing Denied June 30, 1937.

A. V. Hundley, of Alexandria, for appellant.

Isaac Wahlder, of Alexandria, for appellee.

TALIAFERRO, Judge.

Defendant leased from plaintiff for the year 1935 a tract of farm land in Rapides parish for a cash rental of $250. He removed from the leased premises without paying the rent, and this suit was then instituted to recover same, accompanied by provisional seizure under which the following described chattels were seized:

2 mules and gear; cow and calf
5 head of hogs
1 wagon
1 walking cultivator
1 section harrow
1 v-harrow
1 cotton planter
2 turning plows
1 middle buster
1 junior cultivator
1 spring-tooth cultivator
1 rake
1 mowing machine
100 bbls. of corn in barn (more or less)
3 tons of hay stored in Martin's barn (more or less).

Defendant challenges the right of plaintiff to seize said chattels for rent on the ground and for the reason that same constitute "the tools and instruments necessary for the exercise of the trade or profession [farming] by which he gains his living and that of his family," and are therefore exempt from liability for rent, as is expressly provided for in article 2705 of the Civil Code.

The case was submitted to the lower court on agreed statement of facts, viz.;

"That there is due by Nestair Reynaud to Thomas Martin for rent for the year 1935 a balance of $228.60. That said amount is admitted to be° correct owing and unpaid.

"That it is admitted that the defendant, Nestair Reynaud, is a tenant farmer, having no other occupation as a means of earning a livelihood, and was renting a farm owned by Thomas Martin, located on Bayou Latannier, Rapides parish, La., during the year 1935, and that this cause is submitted for judicial determination upon the question of whether or not certain or all of the things seized herein are exempt from seizure because of the fact that they are the things with which the defendant earns a livelihood for himself and his family."

There was judgment for plaintiff as prayed for for $228.60, with recognition of the lessor's lien and privilege on the seized property. Defendant appealed.

This case was decided by the lower court before the Supreme Court, on request of this court, gave instructions in the case of Young v. Geter, 185 La. 709, 170 So. 240, 243, 107 A.L.R. 608. It was squarely held in that case that the pursuit or occupation of farming is a trade or profession within the meaning and intendment of article 2705 of the Civil Code, and where the seized chattels constitute the "tools and instruments" necessary to the exercise of the tenant's business of farming in order for him to gain a living for himself and family, that they may not be subjected to the landlord's privilege or sold in satisfaction thereof. Laws establishing such exemptions, the court said, should receive liberal construction in favor of the debtor.

Plaintiff's counsel contends that even under the ruling in the Young v. Geter Case, the two mules, one cow and calf, the five hogs, hay, and corn seized are not exempt. In the Young v. Geter Case there were two mules involved and these were held to be included in the term "tools and instruments," and therefore exempt. We think the corn and hay also exempt from the lessor's privilege. The quantity seized is no more than needed for the mules' subsistence during the "current" year, and without forage of some kind, they would be virtually worthless for farming purposes. To exempt the mules and deny exemption of the food necessary to sustain them while working would appear absurd. In the Young v. Geter Case, the court, while discussing the limitations, as regards specific chattels, within which the exemption may be applied, said:

"The test is whether or not the chattels claimed to be exempt under the codal article by the debtor are necessary to operate his farm."

We entertain serious doubt that the cow and calf and the hogs seized are at all affected by the lessor's lien and privilege, but as their release is not claimed on this ground, we abstain from deciding the question. Assuming for the purposes of the present discussion that they are impressed with such lien and privilege, we hold that they are not exempt because by no stretch of the law or imagination could it be said that such chattels constitute, to any extent, "tools and instruments" within the law's meaning.

For the reasons herein assigned, the judgment appealed from is amended by decreeing all the property seized herein to be exempt from the landlord's lien and privilege except the cow and calf and hogs; and, as amended, said judgment is affirmed with costs.