Plaintiff, by the Seventh District Court, was awarded judgment against defendant, A.E. Ferrell, for $85.67. Acting under a fi. fa. issued on the judgment the sheriff of that parish seized all of the right, title and interest of the defendant in and to one Ford motorbus truck and sold the same on September 20, 1941, after due advertisement.
The truck in question was purchased from the Jena Auto Company, Inc., by A.E. Ferrell and his son, George R. Ferrell, on April 30, 1940, partly for cash and partly on credit, represented by note payable in fifteen monthly installments of $61.68 each, which was secured by mortgage and vendor's lien on the vehicle. At the time of said seizure the principal balance due on the note was $162.64.
On July 28, 1941, while A.E. Ferrell's interest in the truck was being advertised for sale, George R. Ferrell intervened in the suit by third opposition, alleging that he owned the truck by purchase from the Jena Auto Company, Inc.; that said truck is a "tool and instrument used by petitioner and his father, A.E. Ferrell, in making his living and is necessary for the trade and calling in which petitioner and his father earn their living; hence, said truck is exempt from seizure for debt." He included in the petition a demand for damages allegedly sustained because of the unlawful seizure and detention of the truck. He prayed to be recognized as the owner of the vehicle, that possession thereof be restored to him, and for money judgment.
On August 26, 1941, the Jena Auto Company, Inc., intervened in the suit by third opposition, alleging upon the purchase price note signed by the two Ferrells and the mortgage and vendor's lien securing its payment. This opponent prayed that its lien and mortgage be recognized; that the sheriff be required to either pay "petitioner's claim or to hold in his hands until further order of court, sufficient of the funds arising from the sale of said property to pay and satisfy the claim of petitioner herein"; that such payment be made by preference and priority over all other persons. It is not made clear, but the inference arises that this opponent expected to receive from the proceeds of sale only one-half of the amount due on the note.
On August 29 the Jena Auto Company, Inc., filed what is denominated as an amended petition of third opposition, which is in reality a foreclosure by ordinary process of the mortgage and vendor's lien it held against the truck. Both of the Ferrells were cited and judgment against them in solido is prayed for with recognition of said mortgage and vendor's lien; and that the truck be "seized and sold at public auction without appraisement to pay and satisfy the claim herein by priority over all other persons, less payment that may be obtained from sale of the right, title and interest of A.E. Ferrell, advertised to be sold on August 30, 1941." The sheriff, Mounger, and the two Ferrells were made parties to this opposition.
On August 30, 1941, A.E. Ferrell and George R. Ferrell petitioned for temporary *Page 58 
restraining order to be followed by preliminary injunction to stop sale of the truck, assigning as cause therefor that the truck is exempt from seizure and sale to satisfy Mounger's judgment for the reason they and each of them earned a livelihood from its use, and, therefore, said truck is a "tool or instrument" within the meaning of Article 644 of the Code of Practice. It is alleged in this petition, contrary to the allegations in the third opposition of George R. Ferrell, that the truck was purchased and owned jointly by the Ferrells but not as partners. They also sue for damages arising from deprivation of use of the truck through its seizure. A rule issued to show cause why the relief prayed for should not be granted. On trial of the rule the relief prayed for was denied.
On August 30, 1941, A.E. Ferrell also filed a petition for a temporary restraining order against the sale of the truck on the ground that it was exempt from seizure under Mounger's judgment because it was the "tool or instrument" by which he earned a living for himself and family. He also alleges: "Said automobile truck was purchased by defendant's son, George Ferrell, and his name was painted on said truck as owner, and it was the intention of the parties that said truck should be owned by said George Ferrell, but the bill of sale and mortgage for said truck was made in the name of Albert E. Ferrell and George Ferrell as equal undivided owners."
Coupled with this demand is one for damages resulting from the unlawful seizure and detention of the truck. The court refused to issue the temporary restraining order for the reason it appeared that the truck was owned in indivision by the two Ferrells and "the exemption claimed does not apply to property owned in indivision."
On October 16, 1941, A.E. Ferrell excepted to the amended petition of third opposition filed by the Jena Auto Company, Inc., "in so far as said petition prays for foreclosure of mortgage on the truck * * * on the ground that said prayer for foreclosure is irrelevant to the issues in this suit," etc. On the same day George R. Ferrell, as third opponent, excepted to the original and amended petitions of third opposition of Jena Auto Company, Inc., in so far as it is attempted thereby to foreclose the mortgage against him on the ground that no cause nor right of action is disclosed thereby; and, in said exceptions, argumentatively, he says: "* * * on the ground that said George R. Ferrell is a party to this suit solely as third opponent, and that no judgment or mortgage foreclosure can be claimed by another intervenor or third opponent in this proceeding, but that said Jena Auto Co., Inc. should be relegated to a direct action against said George Ferrell for debt or foreclosure claimed. Said George Ferrell therefore prays that the demands of said Jena Auto Co., Inc., be rejected."
These exceptions filed by the Ferrells were overruled.
On October 23, 1941, judgment on default was rendered in favor of the Jena Auto Company, Inc., in accordance with prayers of their original and amended oppositions. It contains this clause: "Whereas, only the interest of Albert E. Ferrell in said car was sold on September 20, 1941, it is ordered that the interest therein of George R. Ferrell be seized and sold at public auction, according to law, without appraisement, to pay and satisfy the said indebtedness due to Jena Auto Company, Inc."
On February 6, 1942, Mounger filed a plea of estoppel and exceptions of no cause and no right of action as against the petitions of the Ferrells for temporary restraining orders and preliminary injunctions, etc. The plea of estoppel is predicated upon the contradictory allegations of the Ferrells as regards the ownership of the truck, while the exceptions are based upon the established fact that the truck is owned by them in indivision and, for this reason, neither, it is argued, may successfully assert that it is the "tool or instrument" necessary for the exercise of the calling, trade or profession by which each earns a living. The plea and exceptions were sustained and the suits dismissed.
The minute entry of March 6, 1942, discloses that defendant appealed. If we should be controlled exclusively by this entry in approaching the case for study and decision, we would have to hold that the issues and questions raised by the pleadings, etc., filed by George R. Ferrell, are not before us. However, as the point is not raised by the appellees, and it otherwise, inferentially at least, being fairly well disclosed that both Ferrells appealed, we shall deal with the record on the assumption that they did appeal. As these petitioners litigated in forma pauperis there *Page 59 
is no bond in the record to definitely determine if both appealed.
The issues tendered in this appeal are these:
1. Was the truck exempt from seizure and sale under the Mounger judgment regardless of joint ownership?
2. Is the plea of estoppel well founded because of the contradictory allegations of the Ferrells in their pleadings concerning the ownership of the truck?
3. Could the so-called amended opposition be grafted on to the original suit in order to effectuate sale of the interest of George R. Ferrell in the truck?
Article 644 of the Code of Practice, in part reads: "The sheriff or constable can not seize the linen and clothes belonging to the debtor or his wife, * * * nor the tools and instruments, * * * necessary for the exercise of his or her calling, trade or profession by which he or she makes a living; * * *."
This law is not uncommonly confused with the homestead exemption provisions of the Constitution, Section 1 of Article XI, but they are entirely separate and distinct laws. Article 644 of the Code of Practice was in existence long prior to incorporation of the homestead exemption in the Constitution of this state. The homestead exemption may be successfully asserted only by the debtor who is the head of a family or by a person having a mother or father, or a person or persons dependent on him or her for support. As to the exemption of lands as a homestead, this may be availed of only when the claimant occupies the land as his or her home. Certain enumerated personal property, including a truck, is exempt from seizure under this Constitutional provision whether attached to a homestead or not, and as to these it is not necessary that they be the "tool or instrument" by which the debtor earns a living in his trade, calling or profession. Under Article 644 of the Code of Practice the exemption may be claimed by one who is not the head of a family, etc.
The question tendered by the exemption pleas, so far as diligent search discloses, is of first impression in this state. It is made so from the joint ownership of the truck. If the truck had been owned exclusively by either of the Ferrells and was being used in the manner and for the purposes alleged, it would clearly be exempt from seizure under Article 644 of the Code of Practice, and many decisions of the Courts of Appeal and of the Supreme Court of the state. Hamner Company, Ltd. v. Johnson, 16 La.App. 580, 135 So. 77, and cases cited therein; Young v. Geter,185 La. 709, 170 So. 240, 107 A.L.R. 608.
It has been held in this state that partnership property, though used in the trade, business or calling of the partnership, is not exempt from seizure for ordinary debts. White Barrett v. Wm. Heffner, Sheriff et al., 30 La. Ann. 1280, 31 Am.Rep. 238.
However, for obvious reasons assigned by the court, this case does not serve as a precedent for our guidance in the present case where the property is jointly owned by individuals. A partnership is an ideal being and has no living to earn.
The question here presented has often arisen in other jurisdictions and has frequently been adjudicated by courts where exemption laws are quite similar to, if not exactly like our own. The decided weight of authority favors the plea of exemption notwithstanding undivided ownership of the seized chattel. 25 Corpus Juris, 87, § 145, carries a terse statement on the subject. It reads: "Joint Ownership. A tenant in common is generally allowed to claim an exemption in his undivided interest in a chattel. And by the weight of authority it makes no difference in the application of this rule that the property is of such a nature as to be incapable of division in kind, although there is contrary authority."
The same subject is treated by American Jurisprudence, Volume 22, page 73, § 89, as follows: "Property Owned Jointly Or In Common. — The interest of a tenant in common in personal property stands upon the same footing, with respect to exemption laws, as like interests in other property, where the possession as well as the title is several, and it seems to be well established that a debtor may claim as exempt personal property which he owns in common with another, as where he owns property in common with his wife."
We can perceive of no sound reason for holding that because a "tool or instrument" is owned in common by two persons and is being indifferently used in the business of each to provide a livelihood for each, the right to protection against seizure for *Page 60 
debt due by one of the owners should be lost. Regardless of the nature of the ownership the chattel still is the "tool or instrument" through and by which subsistence is earned. The co-owners may alternately use it or together they may use it in joint enterprises, yet its character as an agency for the production of a livelihood remains unchanged. Ownership is not determinative of the question of exemption. The character of the use being made of the chattel is determinative of the question. On this use pivots the right or lack of right to the exemption.
It is contended that the right to the exemption here pleaded is governed by the doctrine laid down by the courts in cases involving homestead exemptions under Section 1 of Article XI of the Constitution where the property claimed as exempt was owned in indivision. We do not agree with this contention. With regard to the Constitutional exemption, it is imperative that the beneficiary be absolutely able to point to specific property owned solely by him, in order to say that such property is his homestead to the exclusion of all others. If any other person owns an interest in the property involved, neither of the co-owners is able to point out precisely what portion is the homestead of each. The undivided character of the ownership precludes such being done. This reasoning is not pertinent under Article 644 of the Code of Practice where the law in its solicitude to prevent impoverishment of the unfortunate debtor, and the destruction of the only means by which he can earn subsistence and pay his honest obligations, has declared that the "tool or instrument" necessary to the performance of his trade, etc., cannot be seized and sold for debt.
Laws establishing exemptions of the character here discussed should be liberally construed in favor of the claimant to the end that their obvious purpose be not emasculated. 25 Corpus Juris 8, § 2, has this to say on the subject: "* * * In some jurisdictions the exemption is regarded as allowed for the benefit of the debtor, while in others it is regarded as in the nature of a police regulation primarily for the benefit of the community. The purpose underlying all exemption legislation is the securing to the unfortunate debtor of the means to support himself and his family, the protection of the family being the main consideration."
The subject received elaborate attention by the Supreme Court in Young v. Geter, supra. It is said therein [185 La. 709, 170 So. 242, 107 A.L.R. 608]: "* * * but in determining whether the debtor is entitled to the exemption, this court has adopted the rule that whenever the claim to the exemption can be brought within the purpose and intent of the statute by a fair and reasonable interpretation, the exemption will be allowed. A. Wilbert's Sons Lumber Shingle Co. v. Ricard, 167 La. 416,119 So. 411; Sliman et al. v. Fish, 177 La. 38, 147 So. 493."
Can it reasonably be said that the law intended to exempt only "tools or instruments" which are wholly owned by the debtor and used by him to earn a livelihood? We do not think so; and not having so stated and such intention not being rationally deducible by interpretation, a court should not arbitrarily do violence to the basic philosophy of the law.
We are of the opinion the exceptions of no cause of action and no right of action were improperly sustained.
We also think the plea of estoppel not well founded. In order that such a plea have merit it must appear that the opposing litigant has been misled, deceived or has suffered damage from the allegations of the pleader. It is true the Ferrells to some extent did contradict themselves in their pleadings with regard to the ownership of the truck, but obviously it was not done to deceive or mislead; no one was thereby misled or deceived, and surely no one has suffered any damage therefrom. Estoppel by judicial allegation has been frequently considered by the courts of this state and uniformly the principle above stated has been recognized and enforced. Among the latest decisions on the subject are: Hearon et al. v. Davis et al., La.App., 8 So.2d 787; Sanderson et al. v. Frost, 198 La. 295, 3 So.2d 626; Tyler v. Walt et al., 184 La. 659, 167 So. 182.
Article 396 of the Code of Practice ordains that the opposition of third persons takes place in two cases:
"1. When the third person making the opposition pretends to be the owner of a thing which has been seized.
"2. When he contends that he has a privilege on the proceeds of the thing seized and sold." *Page 61 
The Jena Auto Company, Inc., did not assert ownership of the truck, therefore, case one has no application. The "thing seized" was the one-half interest of A.E. Ferrell in the truck. It was against the proceeds of sale of this interest that this opponent sought to enforce its mortgage and privilege. Under this article it clearly had the right so to do. But, as George R. Ferrell's interest had not been seized and was not being advertised for sale, it was legally impossible to enforce as against him the mortgage and vendor's lien by third opposition as was sought. He was not a party to the suit and could not be impleaded through third opposition as a substitute for direct action. So far as relates to him when the amended opposition was filed there was nothing to oppose. The rights of the Jena Auto Company, Inc., were fully protected as against A.E. Ferrell's interest in the truck through the original opposition filed by it. Nothing more was necessary to make certain that which was already legally certain.
It will be noted that in the amended petition of third opposition it is expressly stated that the interest of A.E. Ferrell in the truck was under seizure and would be sold in due course and the judgment rendered in this opponent's favor recognizes the sale as having been made and expressly restricts the operative effect of the judgment to the interest of George R. Ferrell.
We are convinced that the lower court erred in allowing the amended opposition filed and prosecuted to trial.
For the reasons herein assigned the judgment of the lower court sustaining the exceptions of no cause and no right of action and the plea of estoppel herein discussed, and dismissing the petitions against which directed, is annulled, avoided and reversed; said pleas and exceptions are now overruled and this case, so far as concerns the issues raised by the petitions of third opposition, etc., of A.E. Ferrell and George R. Ferrell, excepting those relating to the temporary restraining orders and preliminary injunctions, is hereby remanded to the lower court for further proceedings.
It is further ordered, adjudged and decreed that the overruling of the exception filed by George R. Ferrell against the allowance and consideration of the so-called amended third opposition of Jena Auto Company, Inc., be and the same is hereby reversed, and set aside and said exception is now sustained.
It is further ordered, adjudged and decreed that the judgment rendered in favor of this opponent and against George R. Ferrell be and same is hereby annulled, avoided and reversed, and the suit as against him is dismissed at the cost of this opponent. Costs of appeal to this court are assessed against plaintiff, J.H. Mounger.