**In re TROTTER.**

No. 6910.

United States District Court
W. D. Louisiana, Shreveport Division.

May 14, 1951.

Leroy Smallenberger, Jr. Shreveport, La., for trustee.

Thomas P. Fitzgerald, Shreveport, La., for bankrupt.

DAWKINS, Chief Judge.

The Referee has certified to this court the question of whether an automobile claimed as exempt under Article 644 of the Louisiana Code of Practice is a tool or instrument "necessary to the exercise of his or her calling, trade or profession by which he or she makes a living."

The facts are not disputed and are set forth in an affidavit of the Vice-President and Treasurer of the Louisiana Paper Company, Ltd., "in charge of all personnel of said company," as follows:

"That James R. Trotter is employed by the Louisiana Paper Company, Ltd., as Sales Manager in charge of gift wrappings and boxes, and is required to own and maintain an automobile for use in the performance of the duties of his employment.

"That an automobile is necessary in the work of the said James R. Trotter as he is required to make numerous calls on customers in all sections of the City of Shreveport, and to make frequent trips to the company's branches and associates located in Monroe, Alexandria and Baton Rouge, Louisiana, Tyler, Texas, and Texarkana and Little Rock, Arkansas; that he must be ready and able to make such calls and trips at all times and must carry with him samples and merchandise that could not be transported except by car or truck.

"That it is a policy of the company that automobiles are not furnished for departmental Sales Managers, such as the said James R. Trotter, but they are required to provide a car and maintain their own automobiles, on which the Louisiana Paper Company pays an extra remuneration in rental and gas and oil expenses, and such as and is a condition of the employment of said James R. Trotter."

Both sides concede the matter is controlled by the law and jurisprudence of the State. The applicable article of the Louisiana Code of Practice provides in part as follows: Art. 644. "The sheriff or constable can not seize the linen and clothes belonging to the debtor or his wife, nor his bed, bedding or bedstead, nor those of his family, nor his arms and military accoutrement, nor the tools and instruments and books and sewing machines, necessary for the exercise of his or her calling, trade or profession by which he or she makes a living * * *."

 It is generally held that laws granting such exemptions should be liberally construed in favor of the claimants. Mounger v. Ferrell, La.App., 11 So.2d 56; Young v. Geter, 185 La. 709, 170 So. 240, 242, 107 A.L.R. 608; A. Wilbert's Sons Lumber & Shingle Co. v. Ricard, 167 La. 416, 119 So. 411; and Sliman v. Fish, 177 La. 38, 147 So. 493. In Louisiana, the Courts of Appeal (intermediate courts) have final appellate jurisdiction in all cases where the amount involved does not exceed $2,000, subject to review on certiorari by the Supreme Court, and their decisions may therefore be treated as rendered by courts of last resort. In Holt v. Flournoy, 24 So. 2d 171, 172, by the Court of Appeal for the Second Circuit, it was held that an automobile used in going to and from work by a railroad car repairer was not a necessary tool or instrument to the pursuit of the claimant's trade or employment; and the court used the following language: "Plaintiff's foreman, a Mr. Schlater, testified that plaintiff's ownership of a car was not a condition either to his original employment or to his continuance as an employee; that the ownership of an automobile by car repairmen is not required, nor would plaintiff be affected either as to hours of employment or scale of pay by his loss of ownership of the automobile."

The same court, in Strozier v. Long, 40 So.2d 254, 255, held an automobile used by a small scale operator in the logging business was exempt under this article of the Code of Practice, because it was indispensable to the carrying on of his trade or business, using the following language: "A logging operator in this day and time without the use of an automobile would be about as effective as a cowboy, on foot, attempting to round up range cattle." See, also, Gunn v. Credit Service Corporation, La.App., 46 So.2d 628.

 In view of the fact that, as shown by the affidavit of the manager of bankrupt's employer, he is required to furnish his own automobile, which is indispensable in carrying on his work as "sales manager in charge of gift wrappings and boxes," in the areas named in the affidavit quoted above, no distinction can be seen between the present case and that of Strozier v. Long; and the exemption should be allowed.