REVISED, December 31, 1998

# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 97-30947

In the Matter of : HORACE E. WILSON; ALYNE DALE WILSON,

Debtors.

HORACE E. WILSON; ALYNE DALE WILSON,

Appellants,

versus

BRENT BRYAN; JENNIFER BRYAN BARBER,

Appellees.

Appeal from the United States District Court
For the Eastern District of Louisiana

December 8, 1998

Before POLITZ, Chief Judge, EMILIO M. GARZA and STEWART, Circuit Judges.

PER CURIAM:

This case involves an important question of statutory interpretation of state law that Louisiana courts have yet to resolve. Because of the impact that the question of statutory exemptions under Louisiana law will have on both state court and bankruptcy proceedings, we have determined that the preferred course is to certify the central question in this case to the Supreme Court of Louisiana, according to the privilege granted by Rule XII of the Rules of the Supreme Court of Louisiana.

CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS FOR

THE FIFTH CIRCUIT

TO THE SUPREME COURT OF LOUISIANA:

TO THE HONORABLE CHIEF JUSTICE AND ASSOCIATE JUSTICES OF
THE SUPREME COURT OF LOUISIANA:

1.      STYLE OF THE CASE

The style of the case in which this certificate is made is **In the matter of Horace E. and Alyne Dale Wilson**, Case No. 97-30947, in the United States Court of Appeals for the Fifth Circuit, on appeal from the United States District Court for the Eastern District of Louisiana.  This case involves a determinative question of state law; federal jurisdiction is based on an appeal from a final order of the district court affirming a judgment of the bankruptcy court.  After oral argument by the parties, the Fifth Circuit has determined to certify this question to the Honorable Justices of the Louisiana Supreme Court.

2.      STATEMENT OF THE CASE

Following an accident in which their teenage daughter was killed, Brent Bryan and Jennifer Bryan Barber sued Horace E. and Alyne Dale Wilson, alleging that they negligently entrusted their sports car to their grandson, an unlicensed and underage driver.  Prior to trial, the Wilsons filed a Chapter 13 Petition in bankruptcy, subsequently converted to a Chapter 12 proceeding, seeking relief from this and other claims.

The Wilsons are dairy farmers.  In their bankruptcy petition, they claimed an

exemption under La. R.S. 13:3881(A)(2) for 100 head of dairy cattle, valued between $100,000 and $150,000. This section exempts from seizure "tools" and "instruments" that are "necessary to the exercise of a trade, calling, or profession, by which [the debtor] earns his livelihood." The Bryans as creditors challenged this exemption; in its ruling, the bankruptcy court found that dairy cows did not fall within the ambit of "tools" or "instruments" within the meaning of the statute.

The Wilsons then appealed this ruling to the district court for the Eastern District of Louisiana. Finding no Louisiana or federal decision interpreting Louisiana law, the district court reviewed the different interpretations of "tools" among the circuits. The court ultimately adopted the reasoning of the Seventh Circuit that "to regard cows and other livestock as tools or implements" would do "particular violence to the English language."[1] The district court noted that under Louisiana law, words must be given their generally prevailing meaning,[2] and the general definition of "tool" would exclude dairy cows.[3] The district court further reasoned that the legislature's inclusion of an exemption for "poultry, foul, and one cow kept by [the debtor] for the use of his family"[4] is an indication that the legislature did not intend animals or livestock to be included in the general

---

[1]**Matter of Patterson**, 825 F.2d 1140, 1147 (7th Cir. 1987).

[2]La.Civ.Code art. 11.

[3]The district court defined tool as a "thing used to apply manual force to an object or material especially a device designed for some particular mechanical function in a manual activity, as a hammer, saw, a fork; an implement . . . ." **In the matter of Horace and Alyne Wilson**, 1997 WL 563988 at 2 (E.D.La.), citing New Shorter Oxford Dictionary 3337 (4th ed. 1993).

[4]La.R.S. 13:3881(A)(4)(e).

3

exemption of "tools" or "instruments." The Wilsons now appeal the district court's affirmance of the bankruptcy court's ruling. We are aware of no fully dispositive ruling by Louisiana's highest court but we have found some aid and guidance in several decisions, including: **Young v. Geter**, 185 La. 709, 170 So. 240 (La. 1936); **Martin v. Reynaud**, 175 So. 914 (La.App. 1937); **Finley v. Graves**, 393 So.2d 345 (La.App. 1980); **Mounger v. Ferrell**, 11 So.2d 56 (La.App. 1942). We recognize and respect the fact that this court is the final judicial authority on the meaning of this Louisiana exemption.

3.      QUESTION CERTIFIED

Whether dairy cows owned by a dairy farmer are exempt as tools or instruments of the debtor's trade under Louisiana Revised Statute 13:3881(A)(2).

4.      CONCLUSION

We disclaim any intention or desire that the Supreme Court of Louisiana confine its reply to the precise form or scope of the question certified. The answer provided by the Supreme Court of Louisiana will determine the issue on appeal in this case. The record in this case, together with copies of the parties' briefs, is transmitted herewith.

4