1PER CURIAM. *
The United States Court of Appeals for the Fifth Circuit has certified to this court the following question of law:
Whether dairy cows owned by a dairy farmer are exempt as tools or instruments of the debtor’s trade under Louisiana Revised Statute 13:3881(A)(2).
We accepted certification. For the reasons assigned, we now answer in the question in the negative.
FACTS AND PROCEDURAL HISTORY
Following an accident in which their teenage daughter was killed, Brent Bryan and Jennifer Bryan Barber sued Hoi-ace and Alyne Wilson, alleging the Wilsons negligently entrusted their sports car to their unlicensed and underage teenage grandson. Prior to trial, the Wilsons filed a Chapter 13 petition in the bankruptcy court, seeking relief from this and other claims. Included in their petition was a claimed exemption under La. R.S. 13:3881[1] for 100 head of dairy cattle *1215 owned Lby the Wilsons valued at approximately $100,000 to $150,000. The Wilsons, who are dairy farmers, contend that the cows are “tools” or “instruments” of their trade. The Bryans, as creditors, challenged the Wilsons’ inclusion of the cows, maintaining that the cows were not exempt.
The bankruptcy court found that dairy cows were not included within the ambit of “tools” and “instruments” set forth in La. R.S. 13:3881. The Wilsons appealed this ruling to the United States District Court for the Eastern District of Louisiana, which affirmed the ruling of the bankruptcy court.
The Wilsons appealed this decision to the Fifth Circuit Court of Appeals. The court concluded it was “aware of no fully dispositive rulings by Louisiana’s highest court” on this issue.[2] Recognizing that this court is the final judicial authority on the meaning of the Louisiana exemption, that court certified the question to us pursuant to Supreme Court Rule XII. We granted certification and scheduled the matter for briefing and argument.[3]
The sole issue presented for our consideration is whether dairy cows fall within the exemption set forth in La. R.S. 13:3881.
DISCUSSION
La. R.S. 13:3881(A)(2) exempts from seizure “that property necessary to the exercise of a trade, calling or profession by which [the debtor] earns his livelihood,” including “tools” and “instruments.” In asking this court to find dairy cows represent tools or instruments of farming, the Wilsons ask us to adopt the “functional test” used by the court in In re: Heape, 886 F.2d 280 (10th Cir.1986). Under such a test, the court is required to interpret the language of the exemption statute in light of the function and use of the property in the hands of the debtor, rather than based on its 1 Sphysical characteristics. The Wilsons contend that under a function test, dairy cows are exempt from seizure, as they are the “tools” necessary for the operation of a dairy farm.
By contrast, the Bryans argue Louisiana should follow the reasoning of Matter of Patterson, 825 F.2d 1140, 1147 (7th Cir. 1987), in which the court interpreted a similarly-worded Wisconsin exemption statute. In that case, the court concluded that categorizing cows and other livestock as tools or implements “does particular violence to the English language.” The Bryans suggest that the broad interpretation of the statute urged by the Wilsons would place virtually all the assets of a debtor within the scope of the exemption statute.[4]
A review of the Louisiana jurisprudence gives some guidance on this question. In Young v. Geter, 185 La. 709, 170 So. 240 (1936), this court addressed a certified question from a state court of appeal as to whether a farmer’s implements and mules were exempt from the lessor’s privilege under La. Civ.Code art. 2705, which exempted “the tools and instruments necessary for the exercise of the [lessee’s] trade or profession.” The Young court did not give a definitive answer to the question, *1216 merely concluding that “[t]he test is whether or not the chattels claimed to be exempt under the codal article by the debtor are necessary to operate his farm.”
In Martin v. Reynaud, 175 So. 914 (La. App. 2nd Cir.1937), the appellate court addressed a similar question of whether a farmer’s farm equipment, mules, cow, calf and hogs were exempt from seizure. Relying on Young, the court concluded the farmer’s mules were exempt from seizure, since they were tools and instrumentalities of the farm. However, as to the cow, calf and hogs, the court stated:
We entertain serious doubt that the cow and calf and hogs seized are at all affected by the'lessor’s lien and privilege, but as their release is not claimed on this ground, we abstain from deciding the question. Assuming for the purposes of the present discussion that they are impressed with such lien and privilege, we hold that they are not exempt because by no stretch of the law or imagination could it be said that such chattels constitute, to any extent, “tools and instruments” within the law’s meaning.
Taking these two cases together, we conclude Louisiana has followed a version of the functional test urged by the Wilsons. In those instances where animals are being used to perform |4work on the farm, such as mules which are used to pull plows, the jurisprudence has concluded such animals are tools of the farm, even though they might not fall within a dictionary definition of tools. In this light, the function of the animal is not substantially different from a pickup truck, which is specifically listed as an exempted item in La. R.S. 13:3881(A)(2)(d). By contrast, animals being held as livestock do not perform the work of the farm. Admittedly, in the case of a dairy farm, much of the equipment of the farm is there for the purposes of milking the cows. However, the cows themselves do not perform the work of the farm; rather, they are the “raw material” of the farm, from which the finished product is made. Seen in this light, we conclude livestock on a farm are not tools and instruments as set forth in La. R.S. 13:3881(A)(2).
Our interpretation is furthered bolstered by the language of the statute itself. La. R.S. 13:3881(A)(4)(e) specifically exempts from seizure “[t]he poultry, fowl and one cow kept by [the debtor] for use of his family.” If the legislature had intended for livestock to fall within the definition of “tools” and “instruments,” there would be no reason for this specific provision exempting certain livestock from seizure.
In sum, we conclude that under the facts presented, dairy cows do not fall within the scope of the exemptions from seizure set forth in La. R.S. 13:3881(A)(2).
CONCLUSION
Accordingly, we answer the certified question as set forth in this opinion. Pursuant to Supreme Court Rule XII, the judgment rendered by this court upon the question certified shall be sent by the clerk of this court under its seal to the United States Court of Appeals for the Fifth Circuit and to the parties.
CERTIFIED QUESTION ANSWERED.
LEMMON, J., concurs and assigns reasons.

 Marcus, J. not on panel. Rule IV, Part II, § 3.

. La. R.S. 13: 3881 provides in pertinent part:
The following income or property of a debt- or is exempt from seizure under any writ, mandate, or process whatsoever:
*1215 (2) That property necessary to the exercise of a trade, calling, or profession by which he earns his livelihood, which shall be limited to the following:
(a) Tools.
(b) Instruments.

.The court noted that it found some “aid and guidance” in Young v. Geter, 185 La. 709, 170 So. 240 (1936); Martin v. Reynaud, 175 So. 914 (La.App. 2nd Cir.1937); Finley v. Graves, 393 So.2d 345 (La.App. 1st Cir.1980); and Mounger v. Ferrell, 11 So.2d 56 (La.App. 2nd Cir.1942), but found none of these cases dealt with the exact situation presented.

. In the Matter of Wilson, 98-3080 (La.2/12/99) - So.2d -, 1999 WL 89396.

. For example, the Bryans hypothesize that a jeweler's stock of uncut diamonds or an oil company’s oil and gas wells might be considered tools under the Wilson's interpretation, since these items would be necessary to the debtor’s business.