This suit is a sequel to that decided by this court on December 14, 1942, and reported in Mounger v. Ferrell, 11 So.2d 56. Reference to the opinion in that case discloses, inter alia, that A.E. Ferrell and George R. Ferrell, plaintiff in the present suit, purchased a motor truck from the Jena Auto Company, Inc., of La Salle Parish, paying part of the price in cash and giving their note for the balance, which was secured by a mortgage and vendor's lien on the truck.
J.H. Mounger obtained a judgment on open account against A.E. Ferrell and thereunder seized his one-half interest in the truck, which, after due advertisement, was sold by the sheriff for Four Hundred ($400) Dollars on September 20, 1941, to a third person. Prior to this sale the Jena Auto Company, Inc., intervened in the case by third opposition, alleging upon its mortgage and vendor's lien note above mentioned. The aim of the opposition was to secure payment by preference and priority from proceeds of the sale of A.E. Ferrell's one-half interest in the truck, a like proportion of the mortgage debt. However, on the day prior to the sale the company, by an amended petition of third opposition, sought to foreclose its mortgage and vendor's lien against the truck and impleaded both of the Ferrells. Personal judgment against them was prayed for. George R. Ferrell excepted to the amended petition of third opposition insofar as it affected him, on the ground that action against him on the mortgage indebtedness in the manner sought was not the appropriate procedure; that a direct action only was available for the purpose. The exception was overruled by the lower court and on October 23, 1941, judgment by default was confirmed against both Ferrells on the amended third opposition, but the judgment expressly provided that as the interest of A.E. Ferrell in the truck had been previously sold, only the interest of George R. Ferrell should be seized and sold thereunder.
The Ferrells were litigating in forma pauperis and, therefore, appealed devolutively from said judgment and the overruling of the exceptions, etc. George R. Ferrell's one-half interest in the truck, under said judgment, was on December 6, 1941, sold by the sheriff to a third person for Two Hundred ($200) Dollars. The judgment of the lower court on the amended third opposition was reversed by this court on appeal. It was held that the procedure against George R. Ferrell in the respect mentioned was irregular and unauthorized in that foreclosure of the mortgage and vendor's lien as to him could not be had as was attempted. However, his interest in the truck was sold prior to finality of the judgment of this court.
In the present case, George R. Ferrell alleges that the seizure and sale of his interest in the truck was illegal, null and void for two reasons, to-wit:
(1) That the truck was a tool or implement by which he earned his living, and
(2) That the one-half interest of A.E. Ferrell in the truck sold for a sufficient amount on September 20, 1941, to pay the entirety of the indebtedness due the Jena Auto Company, Inc., and this being true, nothing was due on the mortgage indebtedness when George R. Ferrell's interest in the truck was seized and sold. He sues to recover the $200 which his interest in the truck brought at sheriff's sale and for the additional sum of $220 as damages sustained by him (at the rate of $5 per day) while his interest in the truck was under seizure.
Defendant declined the jurisdiction of the court ratione personae. The plea was overruled. And, to the petition, defendant excepted that it did not disclose a cause nor a right of action. The minute entry discloses *Page 550 
that both exceptions were sustained but the judgment recites that the exception of no cause of action was sustained. The suit was dismissed and plaintiff appealed to this court.
Counsel for appellee does not urge the plea to the jurisdiction in the event this court should affirm the ruling on the exceptions and for this reason we abstain from discussion of or passing on said plea.
Plaintiff's interest in the truck was not exempt from seizure and sale to pay the indebtedness due thereon, to defendant, on the ground that the truck was the tool or implement by which he earned a living. Code of Practice, art. 644. The indebtedness was a balance due on the purchase price secured by mortgage and vendor's lien. Under the express provision of Article 645 of the Code of Practice the exemptions therein enumerated and those incorporated in Article 644 of the Code of Practice may not be pleaded against the enforcement of debt contracted for the purchase price of the exempted property.
The balance due the defendant herein, it is true, was much less than the price which the one-half interest of A.E. Ferrell in the truck brought at sheriff's sale, but after paying Mounger the amount of his judgment and A.E. Ferrell's virile share of the note held by defendant, and costs, the balance of the net proceeds belonged to A.E. Ferrell. This amount could not lawfully be applied to the extinguishment of George R. Ferrell's liability on the note.
Plaintiff does not allege that said balance was so applied. He alleges only that there was in the hands of the sheriff from said sale an amount sufficient to pay the mortgage debt in its entirety. This was doubtless true. The fact that execution issued on the judgment against George R. Ferrell and his interest in the truck was seized and sold some three months after the sale of A.E. Ferrell's interest therein, argues strongly that defendant herein was not paid its debt in full from the proceeds of the first sale. Surely defendant would not have gone to all of this trouble and expense to effect a sale of George A. Ferrell's interest in the truck after being paid in full the indebtedness due it.
Plaintiff's petition clearly does not disclose a cause nor a right of action and for the reasons herein assigned, the judgment appealed from is affirmed with costs.