TATE, Justice
(concurring in part and dissenting in part).
I fully concur in Parts II and III of the excellent majority opinion. However, on the basis of current legislative enactments and judicial interpretations, I cannot subscribe to the holding that a debtor’s cooking stove and refrigerator are not expressly exempt from seizure under La.R.S. 13 :- 3881.[1]
This enactment is found within Title 13 (“Courts and Judicial Procedures”) of the Louisiana Revised Statutes. It is found in Chapter 18 thereof, entitled “Seizures in General”. La.R.S. 13:3881 exempts specified income or property “from seizure under any writ, mandate, or process whatsoever.”.
There is thus no statutory warrant for holding La.R.S. 13 :3881, providing for exemptions from seizure under "any writ, mandate, or process whatsoever”, applicable *646 only to seizures under writs of fi. fa. Nor is there any practical reason for the distinction.[2]
The exemption statue in question was enacted in 1960 in connection with the repeal of the old 1961 Code of Practice, especially Article 644 thereof. As did that former Article, the 1960 statutory provision exempts from seizure a major proportion of a debtor’s wages, the tools and instruments by which he earns a living, and (pertinently) certain minimal household goods necessary to save a debtor from being without the means to eat or sleep.[3] This statute unambiguously exempts from any seizure the present debtor’s stove and refrigerator.
The writer initially believed that, despite this exemption from seizure, it did not apply to debts “for the purchase price of property or any part of such purchase price”, by reason of Article 11, Section (4), La.Constitution of 1921. See Footnote 4 below. However, this court expressly rejected a similar contention in Young v. Geter, 185 La. 709, 170 So. 240, 107 A.L.R. 608 (1936), a lead case. See also Grayson v. Gray, 207 So.2d 916 (La.App.2d Cir. 1968) to the same effect; cf. also, Mounger v. Ferrell, 11 So.2d 56 (La.App.2d Cir. 1942).
In Young v. Geter a landlord sought to enforce his lessor’s privilege against certain property used by the tenant to earn his livelihood. Just as is the property presently seized, the tools there seized were exempt from seizure under the predecessor provision (Article 644, Louisiana Code of Practice of 1870) to La.R.S. 13:3881(2). This court expressly rejected the contention that provisions of Article XI, Section *648 2 [4] applied ’so as to nullify the statutory exemption from 'seizure of property subject to the landlord’s privilege. The court expressly held that the cited constitutional provision applied only to invalidate the claim of a right to the homestead exemption established by Article 11, Section 1, of the constitution — an exemption concededly not at issue' here.
In refusing to hold the statutory exemption invalid-against the claim of the lessor’s privilege (a claim based like the vendor’s privilege upon our Civil Code and the valid commercial and equitable purposes thereby embodied), this court expressly stated, 170 So. 242: “In order to advance the humane purpose of preserving to the unfortunate debtor and his family the means of obtaining a livelihood and thus prevent him from becoming a charge upon the public, it has become an almost universal rule that statutes creating an exemption should receive a liberal construction in favor of the debtor.”
The ruling in Young v. Geter is controlling here. The broad statutory exemption to a debtor of minimal household furniture necessary for him to eat and sleep must be respected by the courts. As there stated, 170 So. 241, “ ‘the state has an interest . . that families shall not be deprived by extravagance or misfortune of the shelter and comforts necessary to health and activity.’ ”
There is simply no legislative or constitutional exception from this exemption now in effect. However salutary the purposes of the legislatively created vendor’s privilege, “it is hornbook law” that the legislatively created privilege may be legislatively made subject to “such exemptions and limitations” as the legislature sees fit. Young v. Geter at 170 So. 242.
Arguably, perhaps, former Code of Practice Article 845 (1870; as amended in 1924) did provide a statutory basis for a claim that the statutory exemption from seizure did not apply to debts for the purchase price. See Ferrell v. Jena Auto. Co., 16 So.2d 548 (La.App.2d Cir. 1943). However, Article 845 of the Code of Practice was repealed by the enactment of the 1960 Code of Civil Procedure. No subsequent enactment has afforded even the shadow of a basis for claiming that the statutory exemption from seizure of minimal household goods must not be respected by the courts.
The courts are not empowered to supply an exception to the broad exemption provided by the legislature in La.R.S. 13 :3881, however equitable or wise we may deem such an exception. Perhaps the legislature in its discretion and wisdom may modify such exemption law, in the same manner *650 as iormer La.Code of Practice Article 845 was modified (to except certain debts, such as the purchase price, from the exemption from any seizure) ; but it has not yet done so. Until then, the creditor’s only remedy is to secure a contractual waiver of the exemption by chattel mortgage or otherwise.
For these reasons, I must respectfully dissent.

. The stereo simultaneously seized is not exempt from seizure under the statute; the washing machine may be, if it is within the exemption of “washtubs”. See footnote 3 below.

. Here the seizure was under a writ of sequestration, a conservatory writ permitting provisional seizure of the property “during the pendency of the action”, La.C.Civ.P. Art. 3571, i. e., before judgment. The property thus temporarily seized cannot be sold until there is final judgment, recognizing the sequestration. La.C.Civ.P. Art. 3510, after which the property must be seized and sold under the writ of fi. fa. See Hancock Bank v. Alexander, 256 La. 643, 237 So.2d 669, 673 (1970) and Official Revision Comment (b) to Article 3510. Thus, under the majority’s interpretation, a debtor cannot claim the exemption from temporary seizure but, under La.R.S. 13 :- 38S1, he may do so to prevent the sale of the exempted property when a writ of fi. fa. issues in execution of the judgment. Aside from harassing the debtor by depriving him of the temporary use of his beds, bedding, kitchen stove, etc., the creditor thus is not permitted to seize and sell the property to satisfy the claim against it.

. See La.R.S. 13:3881, exempting from seizure by “any writ, mandate, or process whatsoever: * * * 4. The clothing, bed, bedding, bedstead, linen, china, glasses, knives, forks, spoons, dining table and chairs, cooking stove, kitchen utensils, pressing irons, washtubs, and refrigerator (electric or otherwise) used by him or a member of his family; the family portraits ; his arms and military accoutrements ; the musical instruments played or practiced on by him or a member of his family; and the poultry and fowl kept by him for the use of his family.”

. The constitutional article provides that “this exemption” does not apply to debts “1. For the purchase price of property or any part of such purchase price. . . . 5. For rent which hears a privilege upon said property.”